## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SZ DJI TECHNOLOGY CO., LTD.,

        Plaintiff,

  v.

U.S. DEPARTMENT OF DEFENSE, *et al.*,

        Defendants.

No. 1:24-CV-02970 (PLF)

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants—collectively, the United States Department of Defense ("DoD"); Robert G. Salesses, Acting Secretary of Defense; and Dr. Vic S. Ramdass, Acting Assistant Secretary of Defense for Industrial Base Policy[1]—hereby answer Plaintiff's complaint.

Initially, Defendants object to Plaintiff's complaint for failing to set forth a short and plain statement of the claims showing that Plaintiff is entitled to relief, as required by Rule 8(a)(2) of the Federal Rule of Civil Procedure. Plaintiff has set forth 177 paragraphs, which, to a large extent, do not contain allegations of fact. Rather, they set forth legal argument and rhetoric unnecessary and inappropriate for a complaint. Accordingly, Defendants are unable to admit or deny paragraphs containing such argument and rhetoric. To the extent the Court requires a response to such argument and rhetoric, Defendants respectfully reserve the right to amend this Answer.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d)(1), Robert G. Salesses and Dr. Vic S. Ramdass are automatically substituted for their respective predecessors, Lloyd J. Austin, Secretary of Defense; and Laura D. Taylor-Kale, Assistant Secretary of Defense for Industrial Base Policy.

In addition, Plaintiff has used headings throughout its complaint. Defendants have used those same headings in the Answer for ease of reference. Defendants' use of Plaintiff's headings should not be interpreted as an admission of or agreement with any language in Plaintiff's headings.

Subject to the foregoing, in response to the numbered paragraphs of the complaint, Defendants respond as follows, using the same paragraph numbering as does the complaint.

## INTRODUCTION

1.      Defendants are without information sufficient to admit or deny the allegations contained in the first sentence of this paragraph, and therefore deny them. The second sentence of this paragraph consists of Plaintiff's characterization of its complaint, to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations in this sentence.

2.      The allegations in the first sentence of this paragraph are denied, except to admit that counsel for Plaintiff has communicated with DoD regarding the subject matter of this action. The second sentence consists of Plaintiff's characterization of Exhibit A to its complaint, to which no response is required. To the extent that a response is deemed necessary, Defendants respectfully refer the Court to Exhibit A of the complaint, and otherwise deny the allegations in the second sentence.

3.      The allegations in the first sentence of this paragraph are denied, except to admit that DoD has not met with Plaintiff or its counsel regarding the subject matter of this action. The allegations in the second sentence are denied, except to admit that on January 31, 2024, DoD included Plaintiff on the annual list of "Chinese military companies" pursuant to Section 1260H of the William M. ("Mac") Thornberry National Defense Authorization Act for Fiscal Year 2021

(Public Law 116-283), § 1260H(a), 134 Stat. 3388 (2021) ("Section 1260H List").  The allegations in the third sentence are denied, except to admit that on or about September 6, 2024, counsel for Plaintiff informed Defendants that Plaintiff planned to challenge Plaintiff's designation on the Section 1260H List.  The allegations in the fourth sentence are denied, except to admit that Defendants have provided to Plaintiff's counsel a report dated November 29, 2023 ("the November 2023 Report"), containing a rationale for DoD's determination to include Plaintiff on the Section 1260H List, which was publicly announced on January 31, 2024.  Defendants aver that the determination publicly announced on January 31, 2024, has been superseded by DoD's decision to include Plaintiff on the Section 1260H List that was publicly announced on January 7, 2025.

4.      The allegations in the first three sentences of this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in these sentences.  The fourth sentence consists of a citation to a judicial decision, to which no response is required. Defendants respectfully refer the Court to the cited judicial decision for a full and accurate statement of its contents, and otherwise deny the allegations in this sentence.

5.      Defendants are without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

6.      This paragraph contains Plaintiff's legal conclusions and of Plaintiff's characterization of this action, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

## JURISDICTION AND VENUE

7.      This paragraph sets forth legal conclusions and allegations of subject matter jurisdiction, to which no response is required.

8.      This paragraph sets forth legal conclusions and contains citations to two statutes, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statutes for a full and accurate statement of their contents, and otherwise deny the allegations in this sentence.

9.      This paragraph sets forth legal conclusions and allegations of venue, to which no response is required.

## PARTIES

10.      Defendants admit the allegations in the first sentence of this paragraph. Defendants deny the allegations in the second sentence of this paragraph, except to admit that Plaintiff produces products for consumer use.  Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph, except to admit that Plaintiff has offices in the United States.

11.      The first sentence of this paragraph consists in part of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this sentence, except to admit that DoD is a department of the executive branch of the United States government.  Defendants admit the allegations in the second sentence of this paragraph.

12.      Defendants deny the first sentence of this paragraph.  In response to the second and third sentences, Defendants aver that Robert G. Salesses is the Acting Secretary of Defense;

that in that capacity, he generally oversees the functions of DoD; and that he is sued in his official capacity.

13.     Defendants deny the first sentence of this paragraph.  Defendants aver that Dr. Vic S. Ramdass is the Acting Assistant Secretary of Defense for Industrial Base Policy; that he generally manages the designation of entities on the Section 1260H List, and that he is sued in his official capacity.

## FACTS

### A.     DJI's History and Business

14.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph, except to admit that Plaintiff produces drones for commercial and consumer use.

15.     The first three sentences of this paragraph consist of Plaintiff's characterization of three articles, to which no response is required.  Defendants respectfully refer the Court to the cited articles for a complete and accurate statement of their contents, and otherwise deny the allegations in these sentences.  The fourth sentence of this paragraph consists of Plaintiff's characterization of the November 2023 Report, to which no response is required.  Defendants respectfully refer the Court to the report for a complete and accurate statement of its contents, and otherwise deny the allegations in this sentence.

16.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph, except to admit that Frank Wang founded the company in 2006.

17.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph.

18.    This paragraph contains Plaintiff's characterization of three articles, to which no response is required.  Defendants respectfully refer the Court to the cited articles for a complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

19.    Defendants lack sufficient information to form a belief as to the truth of the allegations in the first sentence of this paragraph.  Defendants deny the allegations in the second sentence of this paragraph, except to admit that Plaintiff's drones may be purchased at Best Buy, Amazon, Target, and Sam's Club.

20.    Defendants lack sufficient information to form a belief as to the truth allegations in this paragraph.

21.    Defendants lack sufficient information to form a belief as to the truth of the allegations in the first four sentences of this paragraph.  The fifth and sixth sentences of this paragraph consist of Plaintiff's characterization of several articles, a report, and a press release, to which no response is required.  Defendants respectfully refer the Court to the cited articles, report, and press release for a complete and accurate statement of their contents, and otherwise deny the allegations in these sentences.

**B.    Use of DJI's Products in the United States**

22.    The allegations in this paragraph are denied, except to  admit that drones manufactured by Plaintiff have been used in the public and private sectors.

23.    Defendants lack sufficient information to form a belief as to the truth of the allegations in the first and third sentences of this paragraph.  The remainder of this paragraph consists of Plaintiff's characterization of two articles, to which no response is required. Defendants respectfully refer the Court to the cited articles for a complete and accurate statement of their contents.

6

24.    This paragraph consists of Plaintiff's characterization of three articles, to which no response is required.  Defendants respectfully refer the Court to the cited articles for a complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

25.    This paragraph consists of Plaintiff's characterizations of five articles, to which no response is required.  Defendants respectfully refer the Court to the cited articles for a complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

26.    This paragraph consists of Plaintiff's characterizations of a Government Accountability Office ("GAO") report, as well as an Internet article, to which no response is required.  Defendants respectfully refer the Court to the cited report and article for a complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

27.    This paragraph consists of Plaintiff's characterizations of three articles, to which no response is required.  Defendants respectfully refer the Court to the cited articles for a complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

28.    Defendants lack sufficient information to form a belief as to the truth of the allegations in the first sentence of this paragraph.  The second and third sentences of this paragraph consist of Plaintiff's characterization of two articles, a GAO report, and a report of the U.S. Geological Survey, to which no response is required.  Defendants respectfully refer the Court to the cited articles and reports for a complete and accurate statement of their contents, and otherwise deny the allegations in these sentences.

29.     Defendants lack sufficient information to form a belief as to the truth of the allegations in the first and third sentences of this paragraph.  The second sentence of this paragraph consists of Plaintiff's characterizations of two articles, to which no response is required.  Defendants respectfully refer the Court to the cited articles for a complete and accurate statement of their contents, and otherwise deny the allegations in this sentence.

      **C.**     **DJI's Commitment to Non-Combat Uses of its UAVs and Sanctions Compliance**

30.     Defendants lack sufficient information to form a belief as to the truth of the allegations in the first three sentences of this paragraph.  The fourth sentence of this paragraph consists of Plaintiff's characterization of an article, to which no response is required.  Defendants respectfully refer the Court to the cited article for a complete and accurate statement of its contents, and otherwise deny the allegations in this sentence.

31.     Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph.

      **D.**     **DJI's Independence and Private Ownership**

32.     The first and second sentences of this paragraph consists of Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny these allegations.  Defendants lack sufficient information to form a belief as to the truth of the allegations in the third and fourth sentences of this paragraph.

33.     Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph.

34.     Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph.

35.     Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph.

**E.     Statutory Framework and Background**

       **1.     Section 1260H's Predecessor**

36.     Defendants admit that DoD designated Plaintiff as a Chinese military company pursuant to Section 1260H of the National Defense Authorization Act for Fiscal Year 2021 in 2022.

37.     This paragraph consists of Plaintiff's characterization of Section 1237 of the National Defense Authorization Act for Fiscal Year 1999 ("Section 1237") and an Internet article, to which no response is required.  Defendants respectfully refer the Court to the cited statute and article for a complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

38.     This paragraph consists of Plaintiff's characterization of Section 1237 and legal conclusions, to which no response is required.  Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

39.     This paragraph consists of Plaintiff's characterization of Section 1237 and a judicial decision, to which no response is required.  Defendants respectfully refer to the Court to the cited statute and judicial decision for a complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

40.     Defendants admit that DoD began publicly listing entities as Chinese military companies pursuant to Section 1237 in 2020.  Defendants further admit that DoD made four

public announcements of entities designated as Chinese military companies pursuant to Section

1237 between 2020 and 2021.  Defendants deny the remaining allegations in this paragraph.

### 2.    This Court Twice Enjoined DoD

41.    This paragraph consists of Plaintiff's characterization of two judicial decisions, to

which no response is required.  Defendants respectfully refer the Court to the cited judicial

decisions for a complete and accurate statement of their contents, and otherwise deny the

allegations in this paragraph.

42.    This paragraph consists of Plaintiff's characterization of two judicial decisions, to

which no response is required.  Defendants respectfully refer the Court to the cited judicial

decisions for a complete and accurate statement of their contents, and otherwise deny the

allegations in this paragraph.

43.    This paragraph consists of Plaintiff's characterization of two judicial decisions, to

which no response is required.  Defendants respectfully refer the Court to the cited judicial

decisions for a complete and accurate statement of their contents, and otherwise deny the

allegations in this paragraph.

44.    This paragraph contains Plaintiff's characterization of two judicial decisions, to

which no response is required.  Defendants respectfully refer the Court to the cited judicial

decisions for a complete and accurate statement of their contents, and otherwise deny the

allegations in this paragraph.

45.    Defendants admit the allegations in this paragraph.

### 3.    Section 1260H

46.    Defendants admit the allegations in this paragraph.

47.      This paragraph consists of Plaintiff's characterization of Section 1260H, to which no response is required.  Defendants respectfully refer the Court to the statue for a complete and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

48.      This paragraph consists of Plaintiff's characterization of Section 1260H, to which no response is required.  Defendants respectfully refer the Court to the statute for a complete and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

49.      This paragraph consists of Plaintiff's characterization of Section 1260H, to which no response is required.  Defendants respectfully refer the Court to the statute for a complete and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

50.      This paragraph consists of Plaintiff's characterization of an Internet article, to which no response is required.  Defendants respectfully refer the Court to the cited article for a complete and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

51.      This paragraph consists of Plaintiff's characterization of Section 1260H, an Internet article, and a report to Congress, to which no response is required.  Defendants respectfully refer the Court to the cited statute, article, and report for a complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

52.      This paragraph consists of Plaintiff's characterization of the National Defense Authorization Act for Fiscal Year 2024 and the Further Consolidated Appropriations Act for Fiscal Year 2024, to which no response is required.  Defendants respectfully refer the Court to the cited statutes for a complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

53.    In response to the first and second sentences of this paragraph, Defendants admit that Hesai Technology Co., Ltd and Advanced Micro-Fabrication Equipment Inc. China have filed lawsuits challenging their inclusion on the Section 1260H List.  Defendants respectfully refer the Court to the complaint filed in each lawsuit for a complete and accurate statement of each company's claims, and otherwise deny the allegations in these sentences.  In response to the third and fourth sentences, Defendants  admit that both cases remain pending and that DoD de-listed and then re-listed Hesai Technology Co., Ltd on the basis of a new record.  The remaining allegations in these sentences consist of Plaintiff's characterization of these two lawsuits and DoD's listing determinations, to which no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations in these sentences.

### F.    DoD Adds DJI to the CMC List without Notice or Explanation

54.    The allegations in this paragraph consist of Plaintiff's characterization of a DoD publication, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the cited publication, and otherwise deny the allegations in this paragraph, except to admit that on October 5, 2022, DoD released a list of entities operating as "Chinese military companies" that included Plaintiff.

55.    In response to the first sentence of this paragraph, Defendants admit that DoD included Plaintiff on the Section 1260H List in October 2022.  The remainder of the allegations in this sentence consist of Plaintiff's characterization of three articles, to which no response is required.  Defendants respectfully refer the Court to the cited articles for a complete and accurate statement of their contents, and otherwise deny the remaining allegations in this sentence. Defendants lack information sufficient to form a belief as to the truth of the allegations in the second and third sentences of this paragraph.

56.     Defendants deny the allegations in this paragraph.

57.     Defendants deny the allegations in this paragraph, except to admit that DoD did not provide Plaintiff with pre-publication notice of its decision to include Plaintiff on the Section 1260H List and that it did not provide Plaintiff with a copy of the report outlining the rationale for the listing determination announced on October 5, 2022.  Defendants further aver that DoD anticipates that it will provide Plaintiff with a copy of the report outlining the rationale for the listing determination publicly announced on January 7, 2025, within a reasonable period following agreement between the parties to a protective order.

58.     Defendants deny the allegations in this paragraph, except to admit that Plaintiff, through its outside counsel, contacted DoD regarding its inclusion on the Section 1260H List and to request DoD's rationale for its decision.

59.     Defendants admit the allegations in this paragraph.

60.     Defendants admit Plaintiff submitted a letter to DoD on July 27, 2023, requesting that Plaintiff be removed from the Section 1260H List.  The remaining allegations in this paragraph consist of Plaintiff's characterization of the July 27, 2023 letter, to which no response is required.  Defendants respectfully refer the Court to the July 27, 2023, letter, appended to the complaint as Exhibit A, for a complete and accurate statement of its contents, and otherwise deny the remaining allegations in this paragraph.

61.     The allegations in this paragraph are denied, except to  admit that on September 28, 2023, Plaintiff's outside counsel sent an email to the Assistant Secretary of Defense for Industrial Base Policy requesting a meeting to discuss the July 27, 2023 request that Plaintiff be removed from the Section 1260H List.  Defendants further admit that DoD's September 30, 2023 email response did not address the request for a meeting and stated that Plaintiff would need to

submit a Freedom of Information Act ("FOIA") request for the administrative record underlying the determination to designate Plaintiff as a Chinese military company.

62.    The allegations in this paragraph are denied, except to  admit that Plaintiff submitted a FOIA request on October 18, 2023;  that DoD informed Plaintiff on November 28, 2023 that the estimated completion date for the FOIA request was December 15, 2023; that on March 26, 2024, DoD updated the estimated completion date to July 19, 2024; and that on July 23, 2024, DoD further updated the date to November 25, 2024.  Defendants further aver that DoD informed Plaintiff that the estimated completion date was subject to change as the search progressed and that DoD is still administratively processing the request.

63.    This paragraph consists of Plaintiff's characterizations of the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") sanctions procedures, to which no response is required.  Defendants respectfully refer the Court to the cited procedures for a complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

**G.    <u>DoD Redesignates DJI to the CMC List, Again without Any Notice or Explanation</u>**

64.    Defendants admit that DoD publicly released the list of Chinese military companies on January 31, 2024, and further admits that Plaintiff was included on the Section 1260H List.  The remaining allegations in this paragraph consist of Plaintiff's characterization of DoD's listing determination, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the remaining allegations in this paragraph.

65.    Defendants admit that DoD did not provide Plaintiff's with pre-publication notice of the January 31, 2024 listing decision.  The remainder of this paragraph consists of Plaintiff's characterization of DoD's listing determination, to which no response is required.  To the extent

a response is deemed required, Defendants respectfully refer the Court to the referenced listing

decision, and otherwise deny the allegations in this paragraph.

66.     The allegations in this paragraph are denied, except to  admit that Plaintiff filed a

FOIA request on March 27, 2024 seeking the administrative record pertaining to Defendants'

decision to include Plaintiff on the Section 1260H List announced on January 31, 2024, and that

DoD is still administratively processing the request.

67.     Defendants admit that Plaintiff, through outside counsel, sent DoD a letter on

September 6, 2024.  The remaining allegations in this paragraph consist of Plaintiff's

characterization of the September 6, 2024, letter, to which no response is required.  Defendants

respectfully refer the Court to the September 6, 2024 letter, attached as Exhibit 1, for a complete

and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

68.     Defendants admit that on September 10, 2024, DoD provided a courtesy copy of

the report setting forth DoD's rationale for the determination to include Plaintiff on the Section

1260H List, which was publicly announced on January 31, 2024.  The remaining allegations in

this paragraph consist of Plaintiff's legal conclusions, to which no response is required.  To the

extent a response is deemed necessary, Defendants deny the remaining allegations in this

paragraph.

69.     Defendants admit on September 10, 2024, DoD agreed to meet with Plaintiff to

discuss the determination to list Plaintiff on the Section 1260H List, which was publicly

announced on January 31, 2024.  Defendants further admit that DoD did not remove Plaintiff

from the Section 1260H List and that Plaintiff initiated this lawsuit on October 18, 2024.

Defendants deny the remaining allegations in this paragraph.

H.    **DoD's Report Does Not Support Designating DJI as a CMC**

70.    Defendants deny the allegations in this paragraph, except to admit that DoD participated in a call with Plaintiff's counsel on September 23, 2024, and that a DoD representative indicated that the November 2023 Report outlines DoD's rationale for including Plaintiff on the Section 1260H List, which was publicly announced on January 31, 2024. Defendants reiterate that the determination publicly announced on January 31, 2024 has been superseded by DoD's decision to include Plaintiff on the Section 1260H List which was publicly announced on January 7, 2025.

71.    Defendants deny the allegations in this paragraph.

1.    **DJI Is Not Owned by the People's Liberation Army or the Central Military Commission**

72.    Defendants admit the allegations in the first sentence of this paragraph. Defendants deny the allegations in the second sentence of this paragraph. The third and fourth sentences of this paragraph consist of Plaintiff's characterization of Section 1260H and of the cited articles, to which no response is required. Defendants respectfully refer the Court to the statute and the cited articles for a complete and accurate statement of their contents, and otherwise deny the allegations in these sentences. The fifth sentence of this paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in the fifth sentence of this paragraph.

73.    This paragraph consists of Plaintiff's characterization of the November 2023 Report, to which no response is required. Defendants respectfully refer the Court to the report for a complete and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

74.     Defendants deny the allegations in the first sentence of this paragraph. Defendants lack information sufficient to form a belief as to the truth of the allegations in the second, third, fourth, and fifth sentences of this paragraph.  The sixth sentence of this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in the sixth sentence of this paragraph.

75.     Defendants deny the allegations in the first sentence of this paragraph.  The second sentence of this paragraph consists of Plaintiff's characterization of the November 2023 Report, to which no response is required.  Defendants respectfully refer the Court to the report for a complete and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

76.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph.

77.     Defendants lack information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  The second and fifth sentences of this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in the second and fifth sentences of this paragraph.  The third and fourth sentences consist of Plaintiff's characterization of the November 2023 Report and OFAC procedures, to which no response is required.  Defendants respectfully refer the Court to the report and the cited procedures for a complete and accurate statement of their contents, and otherwise deny the allegations in these sentences.

78.     This paragraph consists of Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

### 2.    DJI Is Not a Military-Civil Fusion Contributor to the Defense Industrial Base

79.    The first, second, third, and fourth sentences of this paragraph consist of Plaintiff's characterization of the November 2023 Report and Section 1260H, to which no response is required.  Defendants respectfully refer the Court to the report and the statute for a complete and accurate statement of their contents, and otherwise deny the allegations in these sentences.  The fifth sentence of this paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in the fifth sentence of this paragraph.

### (a)    Category 1: "Entities knowingly receiving assistance from the Government of China or the Chinese Communist Party through science and technology efforts initiated under the Chinese military industrial planning apparatus."

80.    The first and second sentences of this paragraph consists of Plaintiff's characterization of the November 2023 Report and Section 1260H, to which no response is required.  Defendants respectfully refer the Court to the report and the statute for a complete and accurate statement of their contents, and otherwise deny the allegations in these sentences.  The third sentence consists of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in the third sentence of this paragraph.

### (i)    Alleged relationship with the National Defense University

81.    This paragraph consists of Plaintiff's characterization of the November 2023 Report, to which no response is required.  Defendants respectfully refer the Court to that report for a complete and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

(ii)    **Alleged relationship with the Military Science Academy**

82.    This paragraph consists of Plaintiff's characterization of the November 2023 Report and a patent application, to which no response is required.  Defendants respectfully refer the Court to the report and the cited patent application for a complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.  Additionally, Defendants lack information sufficient to form a belief as to the truth of the allegation that Livox is not a Plaintiff-branded product but is sold by an affiliate of Plaintiff.

83.    Defendants lack information sufficient to form a belief as to the truth of the allegations in the first and fifth sentences of this paragraph.  The third sentence of this paragraph consists of Plaintiff's characterization of a patent application and a patent, to which no response is required.  Defendants respectfully refer the Court to the cited materials for a complete and accurate statement of their contents, and otherwise deny the allegations in this sentence.  The second, fourth, and sixth sentences of the paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in the second, fourth, and sixth sentences of this paragraph.

84.    This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

85.    This paragraph consists of Plaintiff's characterizations of a patent application and of legal conclusions, to which no response is required.  Defendants respectfully refer the Court to the patent application for a complete and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

86.    The first and second sentences in this paragraph consists of Plaintiff's characterization of the November 2023 Report, to which no response is required.  Defendants

respectfully refer the Court to the report for a complete and accurate statement of its contents, and otherwise deny the allegations in these sentences. Defendants deny the allegations in the third sentence of this paragraph.

87.    This paragraph consists of Plaintiff's characterization of a declaration by Zhang Tao ("Zhang Tao declaration"), to which no response is required. Defendants respectfully refer the Court to the cited declaration for a complete and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

88.    The first and second sentences of this paragraph consists of Plaintiff's characterization of Google search results, to which no response is required. Defendants respectfully refer the Court to the cited Google search for a complete and accurate statement of its contents, and otherwise deny the allegations in these sentences. The third sentence in this paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in the third sentence of this paragraph.

> **(iii)    Alleged relationship with the National University of Defense Technology**

89.    The first sentence of this paragraph consists of Plaintiff's characterization of the November 2023 Report, to which no response is required. Defendants respectfully refer the Court to the report for a complete and accurate statement of its contents, and otherwise deny the allegations in this sentence. The second sentence of this paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in the second sentence of this paragraph.

90.    This paragraph consists of Plaintiff's characterization of the November 2023 Report, an article, the Zheng Wei declaration, a patent application, and Google search results, to

which no response is required.  Defendants respectfully refer the Court to these materials for a complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

91.     This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

        **(b)     Category 2:    "Entities affiliated with the Chinese Ministry of Industry and Information Technology (MIIT), including research partnerships and projects."**

92.     This paragraph consists of Plaintiff's characterization of Section 1260H and several articles, to which no response is required.  Defendants respectfully refer the Court to the statute and the cited articles for a complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

93.     This paragraph consists of Plaintiff's characterization of the November 2023 Report, to which no response is required.  Defendants respectfully refer the Court to the report for a complete and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

94.     This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

        **(i)     DJI's participation in safety-standards drafting**

95.     This paragraph consists of Plaintiff's characterization of the November 2023 Report and of legal conclusions, to which no response is required.  Defendants respectfully refer the Court to the report for a complete and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

96.     The first and fourth sentences of this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in the first and fourth sentences of this paragraph. Defendants lack information sufficient to form a belief as to the truth of the allegations in the second sentence. The third sentence consists of Plaintiff's characterization of an article, to which no response is required. Defendants respectfully refer the Court to the cited article for a complete and accurate statement of its contents, and otherwise deny the allegations in this sentence.

97.     The first sentence of this paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this sentence. Defendants lack information sufficient to form a belief as to the remainder of the paragraph.

98.     This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

**(ii)    Invitation to a 2018 conference/expo**

99.     This paragraph consists of Plaintiff's characterization of the November 2023 Report, to which no response is required. Defendants respectfully refer the Court to the report for a complete and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

100.    The first sentence of this paragraph consists of Plaintiff's characterization of an article, to which no response is required. Defendants respectfully refer the Court to the cited article for a complete and accurate statement of its contents, and otherwise deny the allegations in this sentence. The second sentence of this paragraph consists of Plaintiff's legal conclusions,

to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in the second sentence of this paragraph.

101.    This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

### (iii)    Receipt of a 2020 award

102.    The first, second, and third sentences of this paragraph consist of Plaintiff's characterization of the November 2023 Report, to which no response is required.  Defendants respectfully refer the Court to the report for a complete and accurate statement of its contents, and otherwise deny the allegations in these sentences.  The fourth sentence of this paragraph consists of Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in the fourth sentence of this paragraph.

103.    This paragraph consists of Plaintiff's characterizations of the November 2023 Report and several articles, to which no response is required.  Defendants respectfully refer the Court to the report and the cited articles for a complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

104.    This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

### (iv)    University professor serving as consultant to DJI

105.    This paragraph consists of Plaintiff's characterization of the November 2023 Report, to which no response is required.  Defendants respectfully refer the Court to the report for a complete and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

106.    This paragraph consists of Plaintiff's characterization of the November 2023 Report, to which no response is required.  Defendants respectfully refer the Court to the report for a complete and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

107.    The first sentence of this paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in the first sentence.  The remaining allegations in this paragraph consist of Plaintiff's characterizations of a declaration and a curriculum vitae, to which no response is required. Defendants respectfully refer the Court to the declaration and curriculum vitae for a complete and accurate statement of their contents, and otherwise deny the remaining allegations in this paragraph.

108.    This paragraph consists of Plaintiff's characterizations of a declaration of, to which no response is required.  Defendants respectfully refer the Court to the declaration for a complete and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

109.    This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

> **(c)    Category 3:  "Entities receiving assistance, operational direction or policy guidance from the State Administration for Science Technology and Industry for National Defense."**

110.    This paragraph consists of Plaintiff's characterization of Section 1260H and a report prepared for the U.S.-China Economic and Security Review Commission, to which no response is required.  Defendants respectfully refer the Court to the statute and report for a

complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

111.    The first two sentences of this paragraph consist of Plaintiff's characterizations of the November 2023 Report, to which no response is required.  Defendants respectfully refer the Court to the report for a complete and accurate statement of its contents, and otherwise deny the allegations in these sentences.  The third sentence of this paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in the third sentence of this paragraph.

### (i)    Export restrictions

112.    This paragraph consists of Plaintiff's characterization of the November 2023 Report, to which no response is required.  Defendants respectfully refer the Court to the report for a complete and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

113.    This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

### (ii)    Joint patents with universities

114.    This paragraph consists of Plaintiff's characterization of the November 2023 Report, and of legal conclusions, to which no response is required.  Defendants respectfully refer the Court to the report for a complete and accurate statement of its contents.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

115.    The first sentence of this paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in the first sentence.  The second sentence of this paragraph consists of Plaintiff's

characterizations of the November 2023 Report, to which no response is required. Defendants respectfully refer the Court to the report for a complete and accurate statement of its contents, and otherwise deny the allegations in this sentence. Defendants lack information sufficient to form a belief as to the truth of the allegations in the third sentence of this paragraph.

116.    Defendants lack information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. The remainder of this paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the remaining allegations in this paragraph.

117.    This paragraph consists of Plaintiff's characterization of the patents of four Chinese universities, and of legal conclusions, to which no response is required. Defendants respectfully refer the Court to the cited patents for a complete and accurate statement of their contents, and otherwise deny the allegations of this paragraph.

118.    This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

> **(d)    Category 4: "Any entities or subsidiaries defined as a 'defense enterprise' by the State Council of the People's Republic of China."**

119.    This paragraph consists of Plaintiff's characterization of Section 1260H and of the November 2023 Report, to which no response is required. Defendants respectfully refer the Court to the statute and the report for a complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

> **(e)    Category 5: "Entities residing in or affiliated with a military-civil fusion enterprise zone or receiving assistance from the Government of China through such enterprise zone."**

120.    This paragraph consists of Plaintiff's characterization of Section 1260H and the November 2023 Report, to which no response is required.  Defendants respectfully refer the Court to the statute and the report for a complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

121.    This paragraph consists of Plaintiff's characterization of Google search results and of legal conclusions, to which no response is required.  Defendants respectfully refer the Court to the results of the Google search for a complete and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

122.    Defendants lack information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  The second sentence of this paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in the second sentence of this paragraph.

123.    This paragraph consists of Plaintiff's characterization of two articles, to which no response is required.  Defendants respectfully refer the Court to the cited articles for a complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

124.    The first sentence of this paragraph consists of legal conclusions, to which no response is  required.  To the extent a response is deemed necessary, Defendants deny the allegations in the first sentence of this paragraph.  The second sentence of this paragraph consists of Plaintiff's characterization of several articles, to which no response is required.  Defendants respectfully refer the Court to the cited articles for a complete and accurate statement of their contents, and otherwise deny the allegations in this sentence.

125.    This paragraph consists of Plaintiff's characterization of a certificate by the Xi'an High-Tech Zone Investment Cooperation Bureau, a website, and an unsourced diagram, as well

as legal conclusions, to which no responses are required.  Defendants respectfully refer the Court to these materials for a complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

126.    This paragraph consists of Plaintiff's characterization of several websites, as well as legal conclusions, to which no response is required.  Defendants respectfully refer the Court to the cited websites for a complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

127.    This paragraph consists of Plaintiff's characterization of the November 2023 Report, and of congressional testimony, to which no response is required.  Defendants respectfully refer the court to the report and the cited congressional testimony for a complete and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

128.    This paragraph consists of Plaintiff's characterization of congressional testimony, the November 2023 Report, and an unsourced diagram, as well as legal conclusions, to which no responses are required.  Defendants respectfully refer the Court to these materials for a complete and otherwise  deny the allegations in this paragraph.

129.    The first sentence of this paragraph consists of Plaintiff's characterization of congressional testimony, and legal conclusions, to which no response is required.  The second sentence of this paragraph consists of Plaintiff's characterization of an unsourced map located during a public search, to which no response is required.  Defendants respectfully refer the Court to these materials for a complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

130.    The first sentence of this paragraph consists of Plaintiff's characterization of an unsourced diagram, to which no response is required.  Defendants respectfully refer the Court to

the unsourced diagram for a complete and accurate statement of its contents, and otherwise deny the allegations in this sentence. The second sentence of this paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in the second sentence of this paragraph.

131.    The first sentence of this paragraph consists of Plaintiff's characterization of the November 2023 Report, to which no response is required. Defendants respectfully refer the Court to the report for a complete and accurate statement of its contents, and otherwise deny the allegations in this sentence. The second sentence of this paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in the second sentence of this paragraph. Defendants lack information sufficient to form a belief as to the truth of the allegations in the third sentence.

132.    This paragraph consists of Plaintiff's characterization of the November 2023 Report, to which no response is required. Defendants respectfully refer the Court to the report for a complete and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

133.    This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

> **(f)    Category 6: "Entities awarded with receipt of military production licenses by the Government of China, such as a Weapons and Equipment and Research and Production Unit Classified Qualification Permit, Weapons and Equipment Research and Production Certificate, Weapons and Equipment Quality Management System Certificate, or Equipment Manufacturing Unit Qualification."**

134.    This paragraph consists of Plaintiff's characterizations of Section 1260H and the November 2023 Report, to which no response is required. Defendants respectfully refer the

Court to the statute and report for a complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

(g)    **Category 7: "Entities that advertise on national, provincial, and non-governmental military equipment procurement platforms in the People's Republic of China."**

135.    This paragraph consists of Plaintiff's characterizations of Section 1260H and the November 2023 Report, to which no response is required. Defendants respectfully refer the Court to the statute and report for a complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

(h)    **Category 8: "Any other entities the Secretary determines is appropriate."**

136.    This paragraph consists of Plaintiff's characterizations of Section 1260H and the November 2023 Report, to which no response is required. Defendants respectfully refer the Court to the statute and report for a complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

137.    This paragraph consists of Plaintiff's characterizations of the November 2023 Report, and of legal conclusions, to which no response is required. Defendants respectfully refer the Court to the report for a complete and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

I.    **DoD's Decision to Designate DJI as a Chinese Military Company Has Resulted in Significant and Ongoing Financial Reputational Harm**

138.    Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph.

139.    Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph that because of Plaintiff's designation as a "Chinese military

30

company," United States and international customers have terminated existing contracts with DJI and refuse to enter into new ones.

140.    Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph.

141.    This paragraph consists of Plaintiff's characterization of three articles, to which no response is required.  Defendants respectfully refer the Court to the cited articles for a complete and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

142.    Defendants lack information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  The remainder of this paragraph consists of Plaintiff's characterization of an article and a state law, to which no response is required. Defendants respectfully refer the Court to the cited article and state law for a complete and accurate statement of their contents, and otherwise deny the remaining allegations in this paragraph.

143.    Defendants lack information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

144.    Defendants lack information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

145.    This paragraph consists of Plaintiff's characterization of its lawsuit, and of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

146.    The first and second sentences of this paragraph consist of Plaintiff's characterization of the Administrative Procedure Act and Section 1260H, to which no response is

required.  Defendants respectfully refer the Court to the cited statutory provisions for a complete and accurate statement of their contents, and otherwise deny the allegations in these sentences. The third sentence consists of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

## CLAIMS FOR RELIEF

### COUNT I

147.    Defendants hereby incorporate by reference their responses to paragraphs 1-146.

148.    This paragraph consists of Plaintiff's characterization of a statute, and of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the referenced statute for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

149.    This paragraph consists of Plaintiff's characterization of a statute, and of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a full and accurate statement of its contents.

150.    This paragraph consists of Plaintiff's characterization of a statute, and of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a full and accurate statement of its contents.

151.    This paragraph consists of Plaintiff's characterization of a statute, and of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a full and accurate statement of its contents.

152.    The first sentence of this paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this sentence.  The second and third sentences consist of Plaintiff's characterization of a November 2023 Report, containing the rationale for Plaintiff's designation on the Section 1260H List, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the referenced document for a full and accurate statement of its contents, and otherwise deny the allegations in this sentence.

153.    This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

154.    This paragraph consists of Plaintiff's characterization of a statute and its legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a full and accurate statement of its contents, and otherwise the allegations in this paragraph are denied.

155.    This paragraph consists of Plaintiff's characterization of a statute, and of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

156.    This paragraph consists of Plaintiff's characterization of a statute, and of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

157.    This paragraph consists of Plaintiff's characterization of a statute, and of legal conclusions, to which no response is required.  To the extent a response is deemed necessary,

Defendants respectfully refer the Court to the cited statute for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

<b>COUNT II</b>

158.    Defendants hereby incorporate by reference their responses to paragraphs 1-157.

159.    This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

160.    This paragraph consists of Plaintiff's characterization of judicial decisions and a statute, and of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited legal materials for a full and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

161.    This paragraph consists of Plaintiff's characterization of a judicial decision, and of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited decision for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

162.    This paragraph consists of Plaintiff's characterization of a statute, and of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

<b>COUNT III</b>

163.    Defendants hereby incorporate by reference their responses to paragraphs 1-162.

164.    This paragraph consists of Plaintiff's characterization of a statute, and of legal conclusions, to which no response is required.  To the extent a response is deemed necessary,

Defendants respectfully refer the Court to the cited statute for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

165.    This paragraph consists of Plaintiff's characterization of a statute and judicial decisions, and of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited legal materials for a full and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

166.    This paragraph consists of Plaintiff's characterization of a statute, and of legal conclusions, to which no response is necessary.  To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statute for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

167.    This paragraph consists of Plaintiff's characterization of Exhibit A to the complaint, and of legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to Exhibit A to the complaint, and otherwise deny the allegations in this paragraph, except to admit that on January 31, 2024, Defendants included Plaintiff on the Section 1260H List.

168.    This paragraph consists of Plaintiff's characterization of a November 2023 Report, containing the rationale for Plaintiff's designation on the Section 1260H List, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the referenced document for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

169.    This paragraph consists of Plaintiff's characterization of a November 2023 Report, containing the rationale for Plaintiff's designation on the Section 1260H List, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court

to the referenced document for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

170.    This paragraph consists of legal conclusions and of Plaintiff's characterization of a statute, to which no response is required.    To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

171.    This paragraph consists of legal conclusions and of Plaintiff's characterization of a statute, to which no response is required.    To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

## COUNT IV

172.    Defendants hereby incorporate by reference their responses to paragraphs 1-171.

173.    This paragraph consists of Plaintiff's characterization of a constitutional provision and a judicial decision, and of legal conclusions, to which no response is required.    To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited legal materials for a full and accurate statement of their contents, and otherwise deny the allegations in this paragraph.

174.    Defendants are without information sufficient to admit or deny the allegations contained in the first sentence of this paragraph, and therefore deny them.    The second sentence consists of legal conclusions, to which no response is required; to the extent a response is deemed necessary, Defendants deny the allegations in this sentence.

175.    This paragraph consists of legal conclusions, to which no response is required.    To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

176.    This paragraph consists of legal conclusions and of Plaintiff's characterization of a constitutional provision, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the referenced provision for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

177.    This paragraph consists of legal conclusions and of Plaintiff's characterization of a statute, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a full and accurate statement of its contents, and otherwise deny the allegations in this paragraph.

## PRAYER FOR RELIEF

The remainder of the complaint consists of a demand for relief, not allegations of fact to which a response is required.  To the extent a response is deemed necessary, Defendants deny that Plaintiff is entitled to the relief requested or any other relief whatsoever.

Defendants specifically deny each and every allegation of the complaint not otherwise expressly admitted, qualified, or denied in this Answer.

Dated: January 24, 2025                Respectfully submitted,


                                       BRETT A. SHUMATE
                                       Acting Assistant Attorney General

                                       LAUREN A. WETZLER
                                       Deputy Director


                                        /s/ Daniel Riess
                                       DANIEL RIESS (Texas Bar No. 24037359)
                                       Trial Attorney
                                       United States Department of Justice
                                       Civil Division, Federal Programs Branch
                                       1100 L Street, N.W.
                                       Washington, D.C.  20005
                                       (202) 353-3098

Daniel.Riess@usdoj.gov
*Attorneys for Defendants*