# EXHIBIT 1

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

DIRECT DIAL: (212) 373-3118
EMAIL: LELYNCH@PAULWEISS.COM

BEIJING        SAN FRANCISCO
BRUSSELS       TOKYO
HONG KONG      TORONTO
LONDON         WASHINGTON, DC
LOS ANGELES    WILMINGTON

September 6, 2024

Dr. Laura D. Taylor-Kale
Assistant Secretary of Defense for Industrial Base Policy
Office of the Under Secretary of Defense for Acquisition and Sustainment
U.S. Department of Defense
3010 Defense Pentagon
Washington, D.C. 20301

Hon. Caroline D. Krass
General Counsel
Department of Defense
1400 Defense Pentagon
Washington, DC 20301-1400

**Re: Request to Remove SZ DJI Technology Co., Ltd. from the CMC List**

**CONFIDENTIAL TREATMENT REQUESTED**

Dear Dr. Taylor-Kale and Ms. Krass,

We write on behalf of our client SZ DJI Technology Co., Ltd. ("DJI") regarding DJI's efforts to seek removal from the Department of Defense's ("DOD") List of People's Republic of China Military Companies ("CMC List").[1]

Over the course of more than 16 months,[2] we have attempted to engage with DOD in a constructive fashion to learn the basis for DOD's designation of DJI and to provide facts demonstrating that none of the CMC statutory criteria applies to DJI and that, therefore, DOD should promptly remove DJI from the list. Despite these good-faith efforts, DOD has refused to provide us with any explanation as to why it designated DJI, failed to provide us with the

---

[1] *See* William M. (Mac) Thornberry National Defense Authorization Act for Fiscal Year 2021 (Pub. L. 116-283). DOD originally added DJI to the CMC List on October 5, 2022.
[2] *See* May 3, 2023 email from L. Lynch to C. Krass.

Doc#: US1:19954988v2

administrative record underlying that designation,[3] and has declined to even have a phone call with us to discuss this matter.[4]

Most importantly, while we submitted a comprehensive de-listing petition to DOD on July 27, 2023, which explained why DOD had a statutory duty to "delet[e]" DJI from the CMC List based on the "latest information available," DOD has provided no substantive response. Instead, DOD declined once again our request to meet and issued a new version of the CMC List on January 31, 2024, which—without any explanation—again designated DJI. Despite our requests, DOD has not explained any basis for DJI's redesignation notwithstanding our de-listing petition sent over a year ago.[5]

DOD's failure to even minimally engage with DJI's request to understand the basis for its designation violates basic rule of law and due process principles. *See Ralls Corp.* v. *CFIUS*, 758 F.3d 296, 319 (D.C. Cir. 2014) ("[D]ue process requires, at the least, that an affected party be informed of the official action, be given access to the unclassified evidence on which the official actor relied and be afforded an opportunity to rebut that evidence."). It also erodes the integrity of the CMC List. As the U.S. Treasury Department has repeatedly stated in a related context, the "power and integrity" of sanctions derive not only from the government's power to designate individuals and entities, but also from the government's willingness to remove entities where circumstances warrant.[6]

Given DOD's failure to engage with us for nearly a year-and-half period—and in light of the ongoing financial and reputational damage caused by the CMC listing—DJI has concluded that it has no reasonable option other than to pursue relief in federal court. By the end of the month, DJI intends to file suit challenging its CMC designation for substantially the reasons set forth in its July 27, 2023 de-listing petition. As DJI's petition showed, DJI is not owned or

---

[3] *See* Sept. 30, 2023 email from N. Giordani to L. Lynch (declining to provide administrative record and stating that DJI may seek the administrative record through a FOIA request). DJI filed a FOIA request for the administrative record on October 18, 2023. Although the FOIA office granted expedited processing and projected a December 31, 2023 production date, no documents were produced. The FOIA office later revised its projected production date to July 19, 2024, which was also missed. The FOIA office has subsequently revised its projected production date to November 25, 2024.

[4] *See, e.g.*, May 3, 2023 email from L. Lynch to C. Krass (requesting an explanation of the basis for DJI's designation and requesting a phone call to discuss); May 31, 2023 email from L. Taylor-Kale (acknowledging that the statute provides for deletions from the CMC List based on new information, but declining the request to discuss the matter or to provide the rationale for DJI's listing and stating that DJI may file a written submission).

[5] *See* Mar. 27, 2024, email submitting a FOIA request for the administrative record supporting DJI's designation on the January 31, 2024 CMC List and documents relating to DOD's consideration of DJI's de-listing petition. Despite granting the request for expedited processing, DOD has not produced any documents and has most recently projected a November 25, 2024 production date.

[6] *See Filing a Petition for Removal from an OFAC List*, U.S. DEP'T OF THE TREASURY, https://ofac.treasury.gov/specially-designated-nationals-list-sdn-list/filing-a-petition-for-removal-from-an-ofac-list (last visited Sept. 5, 2024). Treasury further states: "The ultimate goal of sanctions is not to punish, but to bring about a positive change in behavior. Each year, OFAC removes hundreds of individuals and entities from the SDN List. . . . Maintaining the integrity of U.S. sanctions is a high priority for OFAC and is the driving principle behind its rigorous review process that evaluates every request for removal individually on its merits and applies consistent standards to all of them." *Id.*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

controlled by the Chinese military or any other government entity, manufactures only consumer and commercial drones that have a wide range of socially beneficial and life-saving uses (as evidenced by the large number of U.S. police departments, fire departments, and other first responders, as well as large and small companies, that use DJI drones), and does not satisfy any of the statutory designation criteria. DJI's lawsuit will maintain, among other things, that DOD's designation of DJI and its failure to "delete" DJI as required by the statute was arbitrary and capricious, exceeded DOD's statutory authority, and violated due process. We believe the lawsuit will further shed light on critical defects in DOD's listing and de-listing processes, which have already been indicated by a federal court's decision to grant preliminary injunctions against DOD for two designations under the predecessor CMC List.[7]

DJI nevertheless seeks a cooperative relationship with the U.S. government and would strongly prefer to avoid litigation. To that end, we respectfully ask that DOD indicate by September 20, 2024, if it will agree to voluntarily remove DJI from the CMC List. We also renew our request to be told DOD's rationale for designating DJI and for the administrative record underlying DJI's designations.[8] Absent an expeditious resolution, we will proceed to litigation. DJI reserves all of its rights.

Sincerely,

/s/ Loretta E. Lynch

Loretta E. Lynch
Roberto J. Gonzalez

---

[7] *See Xiaomi Corp.* v. *Dep't of Def.*, No. 21-280, 2021 WL 950144, at *13 (D.D.C. Mar. 12, 2021); *Luokung Tech. Corp.* v. *Dep't of Def.*, 538 F. Supp. 3d 174, 195 (D.D.C. 2021).
[8] We understand from other litigation records that DOD's memoranda supporting CMC designations are under ten pages long and therefore could have been promptly provided.