IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE, *et al.,*<br><br>Defendants. | No. 1:24-cv-02970-PLF |

**MOTION TO COMPEL DEFENDANTS TO PROVIDE ACCESS
TO "CLASSIFIED" INFORMATION TO PLAINTIFFS' COUNSEL**

Plaintiffs SZ DJI Technology Co., Ltd. ("SZ DJI") and its wholly owned subsidiary Shenzhen Dajiang Baiwang Technology Co., Ltd. ("Baiwang") (collectively, "DJI"), by and through their undersigned counsel, hereby respectfully submit this motion to compel Defendants, the U.S. Department of Defense ("DoD"), Pete Hegseth, in his official capacity as Secretary of Defense, U.S. Department of Defense, and Dr. Vic S. Ramdass, in his official capacity as Acting Assistant Secretary of Defense for Industrial Base Policy, to provide access to "classified" information allegedly supporting DJI's designation as a statutorily defined "Chinese Military Company" to Plaintiffs' counsel.

In accordance with Local Rule 7(m), undersigned counsel conferred with counsel for Defendants regarding this motion, and Defendants oppose it.

A memorandum of law and a proposed order accompany this Motion.

1

2

|  |  |
|---|---|
| Dated: March 12, 2025 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

/s/  *Samuel G. Williamson*
Samuel G. Williamson (D.C. Bar No. 984748)
2601 South Bayshore Drive, Suite 1550
Miami, Florida 33133
samwilliamson@quinnemanuel.com
Tel.: (305) 402-4880
Fax: (305) 901-2975

Derek L. Shaffer (D.C. Bar No. 478775)
1300 I Street, Suite 900
Washington, DC 20005
derekshaffer@quinnemanuel.com
Tel.: (202) 538-8000
Fax: (202) 538-8100

Samuel P. Nitze
295 5th Avenue, 9th Floor
New York, New York 10016
Tel.: (212) 849-7000
Fax: (212) 849-7100

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE, *et al.,*<br><br>Defendants. | No. 1:24-cv-02970-PLF |

**MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL DEFENDANTS TO PROVIDE ACCESS TO
"CLASSIFIED" INFORMATION TO PLAINTIFFS' COUNSEL**

Plaintiffs, SZ DJI Technology Co., Ltd. ("SZ DJI") and Shenzhen Dajiang Baiwang Technology Co., Ltd. ("Baiwang") (collectively, "DJI"), respectfully move this Court to compel Defendants, the U.S. Department of Defense ("DoD"), Pete Hegseth, in his official capacity as Secretary of Defense, U.S. Department of Defense, and Dr. Vic S. Ramdass, in his official capacity as Acting Assistant Secretary of Defense for Industrial Base Policy, to provide access to the "classified" information upon which DoD relied to designate DJI as a "Chinese Military Company" ("CMC") under Section 1260H of the William M. (Mac) Thornberry National Defense Authorization Act ("NDAA") for Fiscal Year 2021. Pub. L. No. 116-283, 134 Stat. 3388, 3965–3966 (Jan. 1, 2021), as amended Pub. L. No. 118-159, Div. A, Title XIII, sec. 1346, 138 Stat. 1773, 2123–2126 (Dec. 23, 2024) [hereinafter, "Section 1260H"]. This information is essential for DJI to meaningfully challenge its designation and ensure a fair adversarial process.

**BACKGROUND**

DJI is the world's largest privately owned manufacturer of consumer and commercial drones, widely used by public safety agencies, businesses, and hobbyists globally. This action challenges DoD's designation of DJI as a CMC, a designation that carries significant reputational

3

and economic consequences. DJI is neither owned nor controlled by the Chinese military, and, as DoD acknowledges, sells only "commercial and recreational"—not military—drones.

Section 1260H defines CMC as an entity "engaged in providing commercial services, manufacturing, producing, or exporting," that satisfies at least one of two requirements: (1) it is "directly or indirectly owned by, controlled by, or beneficially owned by, affiliated with, or in an official or unofficial capacity acting as an agent of or on behalf of, the People's Liberation Army, Chinese military and paramilitary elements, security forces, police, law enforcement, border control, the People's Armed Police, the Ministry of State Security (MSS), or any other organization subordinate to the Central Military Commission of the Chinese Communist Party, the Chinese Ministry of Industry and Information Technology (MIIT), the State-Owned Assets Supervision and Administration Commission of the State Council (SASAC), or the State Administration of Science, Technology, and Industry for National Defense (SASTIND)"; or (2) it is "identified as a military-civil fusion contributor to the Chinese defense industrial base." Sec. 1260H(g)(2)(B)(i).

DoD first designated DJI as a CMC on October 5, 2022, without notice or an opportunity to be heard, and redesignated it in January 2024. Despite DJI's repeated attempts to engage with DoD—including via a comprehensive delisting petition submitted in July 2023—DoD has refused to meaningfully respond. In October 2024, DJI initiated this action seeking to vacate its CMC designation and compel DoD to delete DJI from the CMC list.

On January 7, 2025, DoD published its updated CMC List, in which it redesignated DJI but failed to provide any public justification for doing so. On January 20, 2025, DoD informed DJI that its re-designation of DJI relied on "classified information." *See* Declaration of Sam Williamson ("Williamson Decl.") Ex. 1 (12/2/24 - 1/22/25 Correspondence). On January 22, 2025, DJI requested that DoD grant members of its outside counsel team who hold the necessary

security clearance access to review the classified materials. *Id.* During a meet-and-confer on January 23, 2025, DoD's counsel refused, stating that such disclosure would violate DoD policy and an executive order. They further indicated that they would submit the classified information to the Court *ex parte* and *in camera*, citing Section 1260H's provision allowing judicial review of classified information in this manner. *Id.* ¶ 3.

On January 31, 2025, after rejecting DJI's repeated requests to expedite the production of the administrative record, DoD provided DJI with an internal report, dated December 6, 2024 (the "Report"), that purports to set out DoD's reasons for including DJI on the updated CMC list. *See* Dkt. 26 (certified list) at DJI-AR-00021-00042. The administrative record was produced on February 24, 2025, per the jointly proposed briefing schedule. *See* Dkt. 26 (certified list).

The administrative record, including the Report, redacts considerable portions of information that DoD claims to be classified, including key information that DJI must access to meaningfully challenge its designation. Specifically:

- The Report says in a heading that DJI "[c]ontributes to the Chinese Defense Industrial Base," but the text that provides the purported basis for that statement is redacted in its entirety. Report 7-8.

- The Report alleges that DJI "knowingly receiv[es] assistance from the Government of China through science and technology efforts initiated under the Chinese military industrial planning apparatus" and is therefore a "military civil fusion contributor to the Chinese defense industrial base." Report 9. However, supporting allegations regarding DJI's supposed relationship with "XMD" are all redacted. Report 9-10.

- Citations in redacted sections are also withheld, preventing DJI from assessing the sources on which DoD relied. Report 17, 20, 22.

- The Report redacts the second bullet point under the heading "DJI Develops, Manufactures, and Sells Drone and Camera Technology." Report 13.
- The administrative record includes 16 pages of redacted "classified materials," which presumably contain the underlying documents cited in the redacted portions of the Report. Dkt. 26 at DJI-AR-01317, DJI-AR-00274.

## ARGUMENT

The Supreme Court has long held that "in all types of cases where administrative and regulatory actions [a]re under scrutiny," "the evidence used to prove the Government's case must be disclosed to the [regulated] individual so that he has an opportunity to show that it is untrue." *Greene v. McElroy*, 360 U.S. 474, 496 (1959). As Justice Gorsuch noted, "[e]fforts to inject secret evidence into judicial proceedings present obvious constitutional concerns." *TikTok Inc. v. Garland*, 145 S. Ct. 57, 74 (2025) (Gorsuch, J., concurring). Consistent with this principle, the Supreme Court in *TikTok* "decline[d] to consider the classified evidence the government ha[d] submitted to [the Court] but shielded from petitioners and their counsel." *Id.* at 74. Likewise, the D.C. Circuit has affirmed that district courts have a clear "role in ordering the disclosure of classified information to counsel with an adequate security clearance." *Al Bakri v. Obama*, 660 F. Supp. 2d 1, 1-2 (D.D.C. 2009). To compel disclosure of classified material, the Court must find that (1) "the information is both relevant and material"; (2) "counsel's access to classified information must be necessary to facilitate meaningful review"; and (3) no "alternatives to access would suffice." *Id. (citing Al Odah v. United States,* 559 F.3d 539, 544, 548 (D.C.Cir.2009)) (internal quotations omitted).

Here, all three factors favor disclosure.

***First***, the classified information is undoubtedly relevant and material. DoD itself deemed the redacted information relevant and material by including it in the Report and administrative record and designating it as the basis for designating DJI as a CMC. The redacted factual allegations and cited documents are central to this case and may be critical to the Court's analysis and decision. Without access to this information, DJI's counsel cannot meaningfully challenge the factual basis for the designation and will be forced to litigate in the dark.

***Second***, disclosure is "necessary to facilitate a meaningful review" here because DJI's counsel cannot effectively assist the Court in conducting a meaningful review and evaluating the legality of DJI's designation without access to the very information on which that designation is based. The unredacted portions of the Report are riddled with factual errors and rely on outdated and incorrect allegations, including basic facts like the location of DJI's headquarters. Without access to the redacted portions, DJI's counsel cannot identify or challenge additional inaccuracies, thereby undermining DJI's ability to adequately challenge its CMC designation.

While Section 1260H permits *in camera* review, *see* Sec. 1260H(f), *ex parte* submissions are strongly disfavored because they undermine the integrity of the adversarial process. *Abourezk v. Reagan,* 785 F.2d 1043, 1060-61 (D.C. Cir. 1986) ("It is a hallmark of our adversary system that we safeguard party access . . . . The openness of judicial proceedings serves to preserve both the appearance and the reality of fairness in the adjudications of United States courts."); *see also United States v. Libby,* 429 F. Supp. 2d 18, 21 (D.D.C. 2006) ("[C]ourts routinely express their disfavor with *ex parte* proceedings and permit such proceedings only in the rarest of circumstances."

Here, *ex parte* review is entirely unnecessary because DJI's counsel, Attorney Samuel Nitze, holds the necessary security clearance to review the classified information at issue. As set

forth in the attached declaration, Attorney Nitze was granted security clearance at the "Top Secret" level by the U.S. Department of Justice ("DOJ").  *See* Declaration of Samuel Nitze ¶ 2 ("Nitze Decl.").  Attorney Nitze has reliably handled classified and sensitive information in other cases involving the U.S. Government and will sign a Classified Information Nondisclosure Agreement.  *Id.* ¶¶ 3, 4.  Given his security clearance, *ex parte* Court review of the classified information in the Report and administrative record is not necessary to protect the information.  Indeed, when an attorney has the appropriate level of security clearance and "may . . . be precluded from consultation with his client on the matters involved," the adversary process can be maintained and can ensure that the attorney "is in aid of the court [since] his primary position is as an officer of the court." *United States v. Am. Tel. & Tel. Co.*, 567 F.2d 121, 134 (D.C. Cir. 1977).

There is no reasonable justification for barring security-cleared counsel from reviewing the classified information that is central to this litigation. *See Bismullah v. Gates*, 501 F.3d 178, 180 (D.C. Cir. 2007) (holding that security-cleared counsel presumptively have a "need to know" classified information relevant to their client's case).  DoD's refusal to grant access unconstitutionally interferes with DJI's right to counsel and right to petition the courts.  *See Strickland v. Washington*, 466 U.S. 668, 692 (1984) ("Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice. So are various kinds of state interference with counsel's assistance.").

***Third***, for similar reasons, no reasonable alternatives to disclosure exist.  Without access to the redacted portions of the Report and administrative record, DJI cannot assess or correct potential factual errors or meaningfully challenge its designation as a CMC.

8

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an order compelling Defendants to provide DJI's security-cleared counsel with access to the "classified" materials underlying DJI's designation as a CMC.

| | |
|---|---|
| Dated: March 12, 2025 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | |
| | /s/  *Samuel G. Williamson* |
| | Samuel G. Williamson (D.C. Bar No. 984748) |
| | 2601 South Bayshore Drive, Suite 1550 |
| | Miami, Florida 33133 |
| | samwilliamson@quinnemanuel.com |
| | Tel.: (305) 402-4880 |
| | Fax: (305) 901-2975 |
| | |
| | Derek L. Shaffer (D.C. Bar No. 478775) |
| | 1300 I Street, Suite 900 |
| | Washington, DC 20005 |
| | derekshaffer@quinnemanuel.com |
| | Tel.: (202) 538-8000 |
| | Fax: (202) 538-8100 |
| | |
| | Samuel P. Nitze |
| | 295 5th Avenue, 9th Floor |
| | New York, New York 10016 |
| | Tel.: (212) 849-7000 |
| | Fax: (212) 849-7100 |
| | |
| | *Attorneys for Plaintiffs* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2025, a true and correct copy of the foregoing was electronically filed and served via this Court's CM/ECF system upon any parties or counsel of record registered with the CM/ECF system.

/s/  *Samuel G. Williamson*
Samuel G. Williamson (Bar No. 984748)
samwilliamson@quinnemanuel.com