# EXHIBIT 1

| | |
|---|---|
| **From:** | Sam Williamson |
| **Sent:** | Wednesday, January 22, 2025 10:59 AM |
| **To:** | Riess, Daniel (CIV) |
| **Cc:** | Derek Shaffer; Alex Van Dyke; Shalia Sakona; Elliott, Stephen M. (CIV) |
| **Subject:** | Re: DJI vs DOD |

Daniel,

I'm writing in response to your email of January 20, 2025.

We agree that determining a proposed case-management schedule that suits both of our needs is ideal here. Indeed, DJI has gone to extraordinary lengths to resolve this entire dispute without judicial intervention, including by diligently pursuing agency-level relief before having no other recourse than to file suit in October 2024. However, as already explained, March 10, 2025, is not an acceptable deadline for us to receive the new administrative record.

To begin with, that deadline is not reasonable because DJI's right to seek reconsideration or judicial review depends upon receiving the record with sufficient time to adjudicate this case before DoD makes yet further listing or relisting decisions. Moreover, the record could have and should have been compiled before DoD relisted DJI in the middle of this pending litigation—not in the 45 days after the government files its answer.

In response to your offer, DJI will happily accept the report containing the rationale for the current designation of DJI on the Section 1260H List. That said, this acceptance is in no way an admission that DoD complied with its obligations under the newly amended Section 1260H. The new law was signed by the President on 12/23/2024. DoD signed the new 1260H list on 1/2/25, filed the list on 1/6/25, and published it on 1/7/25. In spite of that timeline, DoD's "publication" impermissibly does not "include … the justification" for listing DJI, which is contrary to the new law's requirements. That failure to include a justification hampers not only DJI's ability to defend itself but also the public's ability to assess DJI's inclusion on the list.

In addition, QE has attorneys who possess the necessary clearances to view classified materials (and have done so in other matters handled by DoJ), such that DoD's reliance on classified information should in no way be an impediment to moving this case forward. Please confirm that these attorneys may review any materials on which DoD is relying for its listing decision so that we can promptly agree on a schedule that allows this case to be resolved in an appropriately prompt manner.

Finally, yes, let's please find a time to speak on the phone to resolve this issue to the best of our abilities. We are available on Thursday at 915am ET. Please let us know if that works for you.

Best,

Sam

**Sam Williamson**
*Partner*
**Quinn Emanuel Urquhart & Sullivan LLP**
US Direct (Miami):  +1 786 850 3602
US Direct (New York):  +1 212 849 7455
US Mobile:  +1 615 730 4810
samwilliamson@quinnemanuel.com
www.quinnemanuel.com

**From:** Riess, Daniel (CIV) <Daniel.Riess@usdoj.gov>
**Sent:** Monday, January 20, 2025 11:00:55 AM
**To:** Sam Williamson <samwilliamson@quinnemanuel.com>
**Cc:** Derek Shaffer <derekshaffer@quinnemanuel.com>; Alex Van Dyke <alexvandyke@quinnemanuel.com>; Shalia Sakona <shaliasakona@quinnemanuel.com>; Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>
**Subject:** RE: DJI vs DOD

**[EXTERNAL EMAIL from daniel.riess@usdoj.gov]**

Hi Sam,

I'm writing to respond to your email of Friday, January 17.

As Stephen made clear in emails last month, and as I've repeated, it's in all parties' best interest to negotiate in good faith a proposed case management schedule for the Court. Accordingly, we've proposed to provide the administrative record to you by March 10, which is just 45 days after the answer deadline. (Although we are mindful that the answer deadline was extended once, and are grateful for the professional courtesy, neither the extension itself nor the amount of time was extraordinary in light of the intervening winter holidays.) This timetable for producing a record would be reasonable under any circumstances in an APA case. Here, it is even more justifiable because this case involves sensitive national security issues, requiring multiple layers of agency review, and the present transition of senior DoD leadership due to the change in administration only adds to the complexity. We're proposing this deadline not to delay the case but because that is the amount of time by which we can guarantee we can compile and certify the record, file a list of contents, and provide the record to you. We can discuss this proposed deadline, but in any event, it is not possible to provide the record to you by January 31.

The fact that we were able to provide an amended administrative record in *Hesai v. DoD*, no. 24-1381 (D.D.C.), in less time does not mean we are able to do so here. The administrative record here is more substantial than the one provided in *Hesai*, and as explained below, unlike in that case, the re-designation here relies on sensitive and, in some cases, classified information. These factors require additional time and hurdles that were not present in *Hesai*, making that case a poor analogy.

Also, the "justification for inclusion" requirement that the 2025 NDAA added to Section 1260H does not apply to the Section 1260H decisions that were publicly announced January 7, 2025 (including the designation of DJI) because those decisions were made prior to the enactment of the 2025 NDAA. Nevertheless, we are willing to provide you with a courtesy copy of the report containing the rationale for the current designation of DJI on the Section 1260H List (which will be redacted to protect classified information), as soon as we can get a protective order filed with the Court. Entry of a protective order is necessary here because the unredacted portions of the report will still contain sensitive information.

Again, we believe that the best path at this juncture is to negotiate in good faith a proposed case management schedule for the Court. In any event, if court intervention were sought, we believe an experienced and reasonable jurist like Judge Friedman will consider it more than reasonable under the circumstances for an agency to compile, certify, and produce and administrative record within 45 days of the date it files its answer. That is especially the case where DJI—which was originally designated by DoD on January 31, 2024—delayed filing suit challenging that designation until mid-October 2024. We believe Judge Friedman would take full account of such delay in examining the reasonableness of deadlines in a party's proposed case management schedule, as well as the reasonableness of DoD's explanations for the timetable it has proposed.

Finally, we have learned that at the same time that we are engaged in litigation with one set of attorneys, another set of attorneys is contacting a named defendant —without including defense counsel—to request agency reconsideration of DJI's designation.  (See Jan. 17, 2025 email from Roberto J. Gonzales to Defendant Laura Taylor-Kale, reproduced below.)  Initially, because Ms. Taylor-Kale is a named defendant, she should not be contacted directly by counsel for Plaintiffs in this case but only through defense counsel.  At any rate, we cannot proceed on two tracks—litigation and agency reconsideration—simultaneously.  Please let us know which track you'd prefer to go forward at this time.

I look forward to hearing from you, and if a phone call would be preferable to email to continue to negotiate a proposed case management schedule, I'd be happy to speak to you at a time that's convenient for both of us.

Best regards,
Daniel

Daniel Riess
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W.
Washington, D.C. 20005
(202) 353-3098

---

**From:** "Gonzalez, Roberto J." <rgonzalez@paulweiss.com>
**Date:** Friday, January 17, 2025 at 5:47:34 PM
**To:** "Taylor-Kale, Laura D HON (USA)" <laura.d.taylor-kale.civ@mail.mil>, "Chung, Joo Y SES OSD OATSD (PCLT) (USA)" <joo.y.chung2.civ@mail.mil>, "OSD Pentagon OUSD A-S List 1260H list" <osd.pentagon.ousd-a-s.list.1260h-list@mail.mil>, "Giordani, Nicoletta S SES (USA)" <nicoletta.s.giordani.civ@mail.mil>, "Glennon, Michael J SES OSD OGC (USA)" <michael.j.glennon2.civ@mail.mil>
**Cc:** "Rebo, Sam" <srebo@paulweiss.com>
**Subject:** DJI

Confidential Treatment Requested

Dear Dr. Taylor-Kale,

We are writing on behalf of DJI to seek reconsideration of DOD's designation of the company as a Chinese Military Company, and wish to pursue these discussions apart from the ongoing litigation.  Would you be available for a brief call to discuss the best path forward?   We are available at your earliest convenience.

Thank you,
Roberto
**Roberto J. Gonzalez** | Partner (Bio)
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
(202) 223-7316 (Direct Phone) | (202) 550-4105 (Cell)
rgonzalez@paulweiss.com | www.paulweiss.com
*Pronouns: He/Him/His*

---

**From:** Sam Williamson <samwilliamson@quinnemanuel.com>
**Sent:** Friday, January 17, 2025 5:21 PM
**To:** Riess, Daniel (CIV) <Daniel.Riess@usdoj.gov>

**Cc:** Derek Shaffer <derekshaffer@quinnemanuel.com>; Alex Van Dyke <alexvandyke@quinnemanuel.com>; Shalia Sakona <shaliasakona@quinnemanuel.com>; Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>
**Subject:** [EXTERNAL] RE: DJI vs DOD

Daniel,

Thank you for your response, but this timetable is not acceptable. We therefore ask that it be amended such that: (1) DoD will provide DJI with the new administrative record by **January 31, 2025**, and (2) DoD will provide DJI with the statutorily required justification for listing DJI by **January 21, 2025**.

To date, we have worked to cooperate with you on extending deadlines: you represented that DoD would either relist or delist DJI by December 31, 2024, but we accepted that DoD did not do so until January 6, 2025. Moreover, we consented to your request for a 30-day extension of time to file your answer to DJI's complaint.

However, this latest delay, which will unilaterally prevent DJI from protecting its rights and seeking judicial review for yet another six weeks, is unacceptable. That is especially true because DoD did not provide DJI or the public with a justification for designating DJI as a Chinese Military Company as required by the newly amended Section 1260H. 10 U.S.C. 113 (note) ("(B) INCLUSION.—The publication required by subparagraph (A) shall include, for each entity included in the unclassified portion of such list, the justification for inclusion in such list.")

By way of example, in the related case of *Hesai v. DoD*, 24-1381 (D.D.C.), the court ordered the government to provide Hesai with an underlying analysis for its designation as a Chinese Military Company within two weeks of being relisted. 24-1381 (D.D.C.), ECF 36, at 2. Further, the government agreed to produce certified lists of contents for the administrative records another 10 days after that. 24-1381 (D.D.C.), ECF 37, at 3.

Here, DoD relisted DJI on Jan 6, 2025. In line with the timetable in *Hesai*, DJI can agree to give DoD until January 31, 2025, to produce the administrative record. Moreover, in keeping with the newly amended Section 1260H, DJI asks that by January 21, 2025, DoD provide DJI with the legally required justification for relisting.

We look forward to hearing from you and hope that we can agree on a timeline suitable for both of us. If the above-described timeframe is not met, DJI will be required to seek appropriate judicial recourse.

Best regards,
Sam


**Sam Williamson**
*Partner*
**Quinn Emanuel Urquhart & Sullivan LLP**
US Direct (Miami): +1 786 850 3602
US Direct (New York): +1 212 849 7455
US Mobile: +1 615 730 4810
samwilliamson@quinnemanuel.com
www.quinnemanuel.com

---

**From:** Riess, Daniel (CIV) <Daniel.Riess@usdoj.gov>
**Sent:** Thursday, January 16, 2025 9:22 AM
**To:** Sam Williamson <samwilliamson@quinnemanuel.com>
**Cc:** Derek Shaffer <derekshaffer@quinnemanuel.com>; Alex Van Dyke <alexvandyke@quinnemanuel.com>; Shalia Sakona <shaliasakona@quinnemanuel.com>; Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>
**Subject:** RE: DJI vs DOD

**[EXTERNAL EMAIL from daniel.riess@usdoj.gov]**

Hi Sam,

4

Following up on my earlier email: DoD has informed me that it plans to provide the administrative record to you by March 10.

Sincerely,
Daniel

Daniel Riess
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W.
Washington, D.C. 20005
(202) 353-3098

**From:** Riess, Daniel (CIV)
**Sent:** Tuesday, January 14, 2025 11:09 PM
**To:** 'Sam Williamson' <samwilliamson@quinnemanuel.com>
**Cc:** Derek Shaffer <derekshaffer@quinnemanuel.com>; Alex Van Dyke <alexvandyke@quinnemanuel.com>; Shalia Sakona <shaliasakona@quinnemanuel.com>; Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>
**Subject:** RE: DJI vs DOD

Hi Sam,

Thanks for following up. I should be able to furnish a date by which we can provide you with the administrative record early next week. I plan to contact you by then.

I also wanted to make a suggestion. Presently, Defendants' answer is due January 24. The answer seems a relatively useless document in an APA case such as this. So I was wondering if you'd be amenable to a joint motion that pushes off or cancels the answer deadline, and instead work with us on developing a proposed case management schedule for the Court. DoD will be able to provide you with the report containing the rationale for the current designation of DJI on the Section 1260H List in fairly short order, and once we've provided that, we should be able to work together to come up with a set of case management deadlines that would be amenable to all parties.

Please let me know what you think. If it'd help to have a phone call to discuss, I'm busy until 3pm tomorrow (Wednesday) but relatively available Thursday or Friday.

Thank you,
Daniel

Daniel Riess
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W.
Washington, D.C. 20005
(202) 353-3098

**From:** Sam Williamson <samwilliamson@quinnemanuel.com>
**Sent:** Monday, January 13, 2025 8:19 PM
**To:** Riess, Daniel (CIV) <Daniel.Riess@usdoj.gov>

5

**Cc:** Derek Shaffer <derekshaffer@quinnemanuel.com>; Alex Van Dyke <alexvandyke@quinnemanuel.com>; Shalia Sakona <shaliasakona@quinnemanuel.com>; Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>
**Subject:** [EXTERNAL] RE: DJI vs DOD

Hi Daniel – I am just following up per your email below. Can you please let us know when we can expect the administrative record?

Best regards,
Sam



**Sam Williamson**
*Partner*
**Quinn Emanuel Urquhart & Sullivan LLP**
US Direct (Miami): +1 786 850 3602
US Direct (New York): +1 212 849 7455
US Mobile: +1 615 730 4810
samwilliamson@quinnemanuel.com
www.quinnemanuel.com

---

**From:** Riess, Daniel (CIV) <Daniel.Riess@usdoj.gov>
**Sent:** Wednesday, January 8, 2025 12:14 AM
**To:** Sam Williamson <samwilliamson@quinnemanuel.com>
**Cc:** Derek Shaffer <derekshaffer@quinnemanuel.com>; Alex Van Dyke <alexvandyke@quinnemanuel.com>; Shalia Sakona <shaliasakona@quinnemanuel.com>; Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>
**Subject:** RE: DJI vs DOD

**[EXTERNAL EMAIL from daniel.riess@usdoj.gov]**

Hi Sam,

Based on discussion with my clients, I can let you know that I'm not likely to be able to provide you with a date by which we'll be able to provide the administrative record by the end of this week. I'd suggest that you touch base early next week.

Sincerely,
Daniel

Daniel Riess
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W.
Washington, D.C. 20005
(202) 353-3098

---

**From:** Sam Williamson <samwilliamson@quinnemanuel.com>
**Sent:** Monday, January 06, 2025 8:21 PM
**To:** Riess, Daniel (CIV) <Daniel.Riess@usdoj.gov>
**Cc:** Derek Shaffer <derekshaffer@quinnemanuel.com>; Alex Van Dyke <alexvandyke@quinnemanuel.com>; Shalia Sakona <shaliasakona@quinnemanuel.com>; Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>
**Subject:** [EXTERNAL] RE: DJI vs DOD

Thanks Daniel – could you please be a but more specific about your timing here?

Best regards,
Sam



**Sam Williamson**
*Partner*
**Quinn Emanuel Urquhart & Sullivan LLP**
US Direct (Miami): +1 786 850 3602
US Direct (New York): +1 212 849 7455
US Mobile: +1 615 730 4810
samwilliamson@quinnemanuel.com
www.quinnemanuel.com

---

**From:** Riess, Daniel (CIV) <Daniel.Riess@usdoj.gov>
**Sent:** Monday, January 6, 2025 3:36 PM
**To:** Sam Williamson <samwilliamson@quinnemanuel.com>
**Cc:** Derek Shaffer <derekshaffer@quinnemanuel.com>; Alex Van Dyke <alexvandyke@quinnemanuel.com>; Shalia Sakona <shaliasakona@quinnemanuel.com>; Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>
**Subject:** RE: DJI vs DOD

**[EXTERNAL EMAIL from daniel.riess@usdoj.gov]**

Hi Sam,

Thanks for touching base.  We're conferring with the Department, and will provide you with a proposed date for sending you the administrative record as soon as we're able.

Sincerely,
Daniel

Daniel Riess
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W.
Washington, D.C. 20005
(202) 353-3098

**From:** Sam Williamson <samwilliamson@quinnemanuel.com>
**Sent:** Monday, January 06, 2025 1:42 PM
**To:** Riess, Daniel (CIV) <Daniel.Riess@usdoj.gov>
**Cc:** Derek Shaffer <derekshaffer@quinnemanuel.com>; Alex Van Dyke <alexvandyke@quinnemanuel.com>; Shalia Sakona <shaliasakona@quinnemanuel.com>; Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>
**Subject:** [EXTERNAL] RE: DJI vs DOD

Stephen and Daniel,

I hope you all had a pleasant holiday season and a good start to the new year.

Now that the Department of Defense has published a new CMC list, could you please provide us with an expected timeframe in which you will send us the administrative record underlying DJI's inclusion on the list? As you know, DJI is keen to challenge the listing, which it believes is without merit.

Best regards,
Sam

**Sam Williamson**
*Partner*
**Quinn Emanuel Urquhart & Sullivan LLP**
US Direct (Miami): +1 786 850 3602
US Direct (New York): +1 212 849 7455
US Mobile: +1 615 730 4810
samwilliamson@quinnemanuel.com
www.quinnemanuel.com

---

**From:** Riess, Daniel (CIV) <Daniel.Riess@usdoj.gov>
**Sent:** Thursday, December 19, 2024 1:30 PM
**To:** Sam Williamson <samwilliamson@quinnemanuel.com>
**Cc:** Derek Shaffer <derekshaffer@quinnemanuel.com>; Alex Van Dyke <alexvandyke@quinnemanuel.com>; Shalia Sakona <shaliasakona@quinnemanuel.com>; Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>
**Subject:** RE: DJI vs DOD

[EXTERNAL EMAIL from daniel.riess@usdoj.gov]

Hi Sam,

Thank you for your professional courtesy in agreeing to our requested extension, which we greatly appreciate. Regarding the date of service, the U.S. Attorney's Office has informed us that they were served with the complaint and summons on Oct. 25. In any event, just to be clear, we are moving the Court for an extension until Friday, January 24, as our clients have assured us that they will need that additional time, for the reasons stated in my email yesterday.

We will also let DoD know now that you are eager to engage about any persisting questions or concerns it may have regarding DJI. However, in the event of a forthcoming relisting decision, we agree that appropriate next steps will include providing the administrative record and allowing for an amendment of the complaint. We appreciate that once a new decision has been made, you wish to move forward with these steps with expedition, and also to develop a reasonable briefing schedule that will include merits briefing, and we look forward to working with you in negotiating that schedule.

Again, thank you very much for agreeing to our requested extension of time.

Best regards,
Daniel

Daniel Riess
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W.
Washington, D.C. 20005

(202) 353-3098

**From:** Sam Williamson <samwilliamson@quinnemanuel.com>
**Sent:** Thursday, December 19, 2024 2:54 AM
**To:** Riess, Daniel (CIV) <Daniel.Riess@usdoj.gov>
**Cc:** Derek Shaffer <derekshaffer@quinnemanuel.com>; Alex Van Dyke <alexvandyke@quinnemanuel.com>; Shalia Sakona <shaliasakona@quinnemanuel.com>; Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>; Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>
**Subject:** [EXTERNAL] RE: DJI vs DOD

Hi Daniel and Stephen,

Thank you for your message. By our calculation, DOD's response to the Complaint is currently due on December 23, 2024, based on the summons date of October 22, 2024. Nevertheless, we will consent to the extension you've requested while noting we will respectfully hold DOJ and DOD to that date. At the same time, we understand DOD's position that the current Complaint will be mooted by any relisting decision and the new administrative record prepared with respect to DJI. From there, continued litigation can and should proceed expeditiously.

That said, we have learned of the DOD's removal of IDG Capital Partners Co., Ltd. and Advanced Micro-Fabrication Equipment Inc. from the Chinese Military Company ("CMC") List. We are looking into the grounds supporting the delisting of these two entities, but all indications are that DJI should be similarly removed from the CMC List. To that end, we reiterate our eagerness to engage with DOD about any persisting questions or concerns it may have relative to DJI, believing those could be readily dispelled. In the event, however, that a decision has been or is being made to relist DJI, we will need to proceed expeditiously by reviewing the new administrative record and amending the complaint as appropriate in light of that potential decision.

Assuming DJI's issues remain live, DJI will need to proceed with maximum expedition in the new year, equipped with a new administrative record. We hope and trust that you would likewise be prepared to proceed expeditiously, recognizing that time will be short and further extensions unwarranted from our perspective.

Best regards,

Sam


**Sam Williamson**
*Partner*
**Quinn Emanuel Urquhart & Sullivan LLP**
US Direct (Miami): +1 786 850 3602
US Direct (New York): +1 212 849 7455
US Mobile: +1 615 730 4810
samwilliamson@quinnemanuel.com
www.quinnemanuel.com

**From:** Riess, Daniel (CIV) <Daniel.Riess@usdoj.gov>
**Sent:** Thursday, December 19, 2024 12:40 AM
**To:** Sam Williamson <samwilliamson@quinnemanuel.com>
**Cc:** Derek Shaffer <derekshaffer@quinnemanuel.com>; Alex Van Dyke <alexvandyke@quinnemanuel.com>; Shalia Sakona <shaliasakona@quinnemanuel.com>; Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>; Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>
**Subject:** RE: DJI vs DOD

**[EXTERNAL EMAIL from daniel.riess@usdoj.gov]**

9

Hi Sam,

I'm following up on Stephen's email.  We're available to have a call this week at your convenience if it'd be helpful.  However, we do plan to file shortly a 30-day extension of time of our current December 24, 2024 deadline to respond to the complaint.  We respectfully request your consent for this extension.

The requested extension is necessary, and we believe that the Court is likely to grant it.  Among other reasons, the extension is reasonable because of the upcoming winter holidays, because of the substantial length of the complaint, because a response to the complaint will need to undergo multiple levels of agency review (which may take even more time than usual because of the substantial amount of time currently tied to agency transitions to a new presidential administration).  Also, I will be taking over as primary counsel in this case from Stephen, who has recently been promoted to a management position, and I will need additional time to get up to speed on this case.

Please let us know if you consent to our requested extension motion, and if you have any questions, or would like to discuss further by phone.

Sincerely,
Daniel

Daniel Riess
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W.
Washington, D.C. 20005
(202) 353-3098

---

**From:** Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>
**Sent:** Monday, December 16, 2024 11:19 PM
**To:** Sam Williamson <samwilliamson@quinnemanuel.com>
**Cc:** Derek Shaffer <derekshaffer@quinnemanuel.com>; Alex Van Dyke <alexvandyke@quinnemanuel.com>; Shalia Sakona <shaliasakona@quinnemanuel.com>; Riess, Daniel (CIV) <Daniel.Riess@usdoj.gov>
**Subject:** RE: DJI vs DOD

Hi Sam:

I hope you had a nice weekend, and apologies for the late email.  As you are aware, the Department of Defense has an annual statutory requirement to prepare a list of entities identified as Chinese military companies.  The Department is in the process of finalizing that list, but it has to go through an approval process within the Department.  We can agree to inform you about any decisions that pertain to DJI two business days after all necessary statutory requirements and notifications to Congress have been satisfied.

We plan to request a 30-day extension of time of our current December 24, 2024 deadline to respond to the Complaint, and respectfully request your consent to this extension.

Thanks in advance, we're available to have a call this week if it would be helpful.
Stephen

---

**From:** Sam Williamson <samwilliamson@quinnemanuel.com>
**Sent:** Tuesday, December 3, 2024 8:26 PM
**To:** Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>
**Cc:** Derek Shaffer <derekshaffer@quinnemanuel.com>; Alex Van Dyke <alexvandyke@quinnemanuel.com>; Shalia

Sakona <shaliasakona@quinnemanuel.com>; Riess, Daniel (CIV) <Daniel.Riess@usdoj.gov>
**Subject:** [EXTERNAL] RE: DJI vs DOD

Thanks Stephen – could we have a quick call on this in the next day or two?  If you have any availability tomorrow or Thursday afternoons, please let us know and we will try to align schedules.

Best regards,
Sam


**Sam Williamson**
*Partner*
**Quinn Emanuel Urquhart & Sullivan LLP**
US Direct (Miami): +1 786 850 3602
US Direct (New York): +1 212 849 7455
US Mobile:  +1 615 730 4810
samwilliamson@quinnemanuel.com
www.quinnemanuel.com

**From:** Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>
**Sent:** Monday, December 2, 2024 7:29 PM
**To:** Sam Williamson <samwilliamson@quinnemanuel.com>
**Cc:** Derek Shaffer <derekshaffer@quinnemanuel.com>; Alex Van Dyke <alexvandyke@quinnemanuel.com>; Shalia Sakona <shaliasakona@quinnemanuel.com>; Riess, Daniel (CIV) <Daniel.Riess@usdoj.gov>
**Subject:** RE: DJI vs DOD

**[EXTERNAL EMAIL from stephen.m.elliott@usdoj.gov]**

Hi Sam –

Thanks for your note, and I hope you had a nice Thanksgiving.  By December 31, 2024, the Department of Defense has a statutory obligation to reach a decision with regard to your client's placement on the Section 1260H List.  To the extent a decision is made to retain your client on the list, additional time would be needed after December 31 to prepare and produce an administrative record.  Accordingly, we would like to reiterate our proposal that Plaintiffs agree to a 30-day extension of time for Defendants to file their response or, alternatively, a 30-day stay of the proceedings in light of the Department of Defense's impending decision.  In the event that the Department of Defense decides to retain your client on the Section 1260H List, we would like to work with you on a mutually agreeable summary judgment briefing schedule on a reasonable timetable, in lieu of the Government filing an answer to the Complaint.

Have a nice evening,
Stephen


**From:** Sam Williamson <samwilliamson@quinnemanuel.com>
**Sent:** Monday, December 2, 2024 10:11 AM
**To:** Elliott, Stephen M. (CIV) <Stephen.M.Elliott@usdoj.gov>; Riess, Daniel (CIV) <Daniel.Riess@usdoj.gov>
**Cc:** Derek Shaffer <derekshaffer@quinnemanuel.com>; Alex Van Dyke <alexvandyke@quinnemanuel.com>; Shalia Sakona <shaliasakona@quinnemanuel.com>
**Subject:** [EXTERNAL] DJI vs DOD

Stephen and Daniel,

Thank you for our call last week.  During that discussion, you said that DOD will make its decision on whether to delist or redesignate DJI by December 31, 2024.  Based on that representation, we propose extending the deadline for DOJ to respond to DJI's complaint to that day as well.  This would mean that by December 31, 2024, DOJ/DOD will either (1) delist DJI; (2) redesignate DJI and provide DJI with a new administrative record in support of that redesignation; or (3) respond to DJI's current complaint.  Please let us know if this extension is sufficient.

Best,
Sam

**Sam Williamson**
*Partner*
**Quinn Emanuel Urquhart & Sullivan LLP**
US Direct (Miami): +1 786 850 3602
US Direct (New York): +1 212 849 7455
US Mobile: +1 615 730 4810
samwilliamson@quinnemanuel.com
www.quinnemanuel.com