UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF DEFENSE, *et al.*, <br><br> *Defendants*. | Civ. Action No. 1:24-cv-02970-PLF |

**NOTICE OF FILING DRAFT PROPOSED PROTECTIVE ORDER**

In accordance with the Court's oral directive during the July 29, 2025 merits hearing and its minute entry following those proceedings in this case, the parties hereby submit a draft proposed protective order pertaining to classified information for the Court's consideration. The draft order is appended to this Notice of Filing as an exhibit.

**Defendants' Position**: As set forth in Defendants' Opposition to Plaintiffs' Motion to Compel Access to Classified Information (ECF No. 32) and Defendants' Sur-Reply (ECF No. 34), Defendants oppose any order that in any way directs Defendants to disclose classified information to Plaintiffs' counsel. The Court did not rule on Plaintiffs' Motion during the July 29, 2025 merits hearing, and Defendants respectfully disagree with Plaintiffs that the Court has determined that Plaintiffs are entitled to access the classified materials at issue. *See* Transcript (ECF No. 51). By complying with the Court's directive to submit a draft proposed protective order for the Court's consideration, Defendants are not agreeing to disclose classified information to Plaintiffs' counsel, nor do Defendants concede that any of Plaintiffs' counsel have met the criteria governing restrictions on access to classified information such that they may have access to classified

information. Nor are Defendants waiving any of their rights. In particular, Defendants neither waive their exclusive right to determine whether Plaintiffs' counsel may have access to classified information at issue in this case nor their right to appeal an order in this case. Rather, the treatment, handling, and authority to determine access to classified information "is committed by law to the appropriate agency of the Executive Branch," and "flows primarily from [a] constitutional investment of power in the President." *Dep't of the Navy v. Egan*, 484 U.S. 518, 526-27, 29 (1988); *see also, e.g.*, *CIA v. Sims*, 471 U.S. 159, 180 (1985); Exec. Order No. 13,526; 75 Fed. Reg. 707 (Dec. 29, 2009). Federal law prohibits disclosure of classified information except to individuals who have been cleared for access to the information by the head of a federal agency or his designee; who have signed a nondisclosure agreement; and who have a need to know the information. Exec. Order No. 13,526 § 4.1(a); 75 Fed. Reg. at 720. Indeed, unauthorized disclosure of classified information to an "unauthorized person" violates federal criminal law. 18 U.S.C. § 798.

Under basic principles of administrative law, the information considered by Defendants, including the classified information at issue, is properly before this Court as part of the administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (judicial review "is to be based on the full administrative record that was before the [agency decisionmaker] at the time [they] made [their] decision"); *see also Securities & Exch. Comm'n v. Chenery Corp.*, 318 U.S. 80, 87 (1943) ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based."). As a general matter, "[i]f a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision." *Walter O. Boswell Mem. Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984).

Consistent with these basic administrative-law principles, courts routinely accept *ex parte* and *in camera* classified information that is part of the administrative record, and upon which the agency intends to rely to defend the challenged agency action. *See, e.g.*, *Abdellatif v. DHS*, No. 20-1298, Order (D.C. Cir. July 26, 2024); *China Telecom (Ams.) Corp. v. FCC*, No. 21-1233, Order (D.C. Cir. July 14, 2022); *United States v. China Telecom (Ams.) Corp.*, No. 21-5215, Order (D.C. Cir. Mar. 30, 2022); *Muir v. DHS*, No. 22-1318, Order (D.C. Cir. Dec. 7, 2023); *Kidd v. TSA*, No. 16-1337 (D.C. Cir. Apr. 25, 2018); *Competitive Enter. Inst. v. DHS*, Nos. 16-1135, 16-1139, Order (D.C. Cir. Nov. 9, 2016); *Olivares v. TSA*, 819 F.3d 454, 462 (D.C. Cir. 2016); *Zevallos v. Obama*, 793 F.3d 106, 113, 117 (D.C. Cir. 2015); *Jifry v. FAA*, 370 F.3d 1174, 1181-82 (D.C. Cir. 2004); *Corbett v. TSA*, No. 12-15893 (11th Cir. June 5, 2013) and 767 F.3d 1171, 1183-84 (11th Cir. 2014); *Tabbaa v. Chertoff*, 509 F.3d 89, 93 n.1 (2d Cir. 2007); *Holy Land Foundation v. Ashcroft*, 333 F.3d 156, 164 (D.C. Cir. 2003); *People's Mojahedin Org. of Iran v. Department of State*, 327 F.3d 1238, 1242 (D.C. Cir. 2003); *National Council of Resistance of Iran v. Department of State*, 251 F.3d 192, 208 (D.C. Cir. 2001).

Critically, in each of these examples, the courts considered the classified portions of the administrative record *in camera* and *ex parte*, without providing opposing counsel access to the information. A court has "inherent authority to review classified material *ex parte*, *in camera* as part of its judicial review function." *Olivares*, 819 F.3d at 462 (quoting *Jifry*, 370 F.3d at 1182); *see Jibril v. Mayorkas,* 101 F.4th 857, 866–67 (D.C. Cir. 2024).  But here Congress, which controls the scope of judicial review, has recently amended Section 1260H to provide expressly that "[i]n any judicial review of a [1260H] determination … if the determination was based on classified information … such information may be submitted to the reviewing court *ex parte* and *in camera*." Servicemember Quality of Life Improvement and National Defense Authorization Act for Fiscal

3

Year 2025, Pub. L. No. 118-159, § 1346(f), 138 Stat. 1773 (2024). Such express statutory authority obviates any doubt that this Court may engage in an *in camera*, *ex parte* review of the classified information on the merits. *See Abourezk v. Reagan*, 785 F. 2d 1043, 1061 (D.C. Cir. 1984). In short, the government's "decision may be based in part on classified information" and the government may properly defend its decision based on classified information submitted only *ex parte* to the court if the government "promptly provide[s] . . . the unclassified administrative record," as the government has done here. *Zevallos*, 793 F.3d at 113, 117; *see also, e.g.*, *Ralls Corp. v. Committee on Foreign Inv. in the U.S.*, 758 F.3d 296, 31 (D.C. Cir. 2014) (due process "does not require disclosure of *classified* information supporting official action"); *Jifry*, 370 F.3d at 1181-84 (rejecting due process challenge to government's "reliance on classified information" that was provided *ex parte* and *in camera*)

These holdings reflect the broader principle that the authority to protect national-security information from unauthorized persons "falls on the President as head of the Executive Branch and as Commander in Chief." *Egan*, 484 U.S. at 527. Courts have "emphasized the primacy of the Executive in controlling and exercising responsibility over access to classified information, and the Executive's compelling interest in withholding national security information from unauthorized persons." *Holy Land*, 333 F.3d at 164 (quotation marks omitted). As noted, under the executive order governing the treatment and handling of classified information, Exec. Order No. 13,526, classified information may not be disclosed except to individuals who have been cleared for access to the information by the head of a federal agency or his designee; who have signed a nondisclosure agreement; and who have a need to know the information.

Critically, the granting of a security clearance, by itself, is not sufficient to permit a person to obtain access to classified information. Rather, even if a person is found to be suitable to receive

4

access to classified information after an investigation of their background and is granted a security clearance, the agency that originates the information at issue must make a separate "need-to-know" determination that actually grants access to the classified information at issue. Executive Order 13,526 defines a "need to know" as "a determination within the executive branch . . . that a prospective recipient requires access to specific classified information in order to perform or assist in a lawful and authorized governmental function." Exec. Order No. 13,526, § 6.1(dd), 75 Fed. Reg. at 729.

It does not serve a governmental function to allow Plaintiffs' counsel access to classified information in order to prosecute a private civil action challenging agency action. Were the rule otherwise, private parties could compel the government to turn over highly sensitive national-security information simply by filing a civil action and hiring private counsel who had previously been granted a security clearance. The government's interests in national security would be harmed by the compelled disclosure of classified information to private counsel, even if counsel held a security clearance at the requisite level.[1]

Finally, particularly where, as here, Congress has recently specified the permissible scope of judicial review and expressly permitted the Government to submit classified information *in camera* and *ex parte*, the Court possesses no independent power, either under its supervisory authority, or under authority analogous to that granted by the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3, to order Defendants to grant Plaintiffs' counsel access to classified information.  Defendants, therefore, respectfully suggest that the Court not take further

---

[1] Although Plaintiffs' counsel have represented that at least one of their attorneys has had a security clearance, they have not indicated the specific details of any security clearances nor have they established that the Executive Branch has concluded that they possess a requisite "need-to-know" the information at issue here.

steps at this time that would result in Plaintiffs' counsel being granted access to the classified information at issue in this matter.

If the Court were to issue any order that directs the Executive Branch to find that Plaintiffs' counsel may have access to classified information, or any order that in any way directs Defendants to disclose classified information to Plaintiffs' counsel, then Defendants respectfully plan to move the Court to issue a 60-day administrative stay of such relief in order to allow adequate time for Defendants to determine whether to appeal the Court's decision and, if so, whether to seek a stay pending appeal.

**Plaintiffs' Position**:

Plaintiffs respectfully submit that Defendants should not be using this notice as they are, effectively to reargue matters already briefed in Plaintiffs' motion to compel and resolved by the Court at the summary judgment hearing. As set forth in those filings, ECF 29; ECF 31, which Plaintiffs respectfully incorporate by reference, and as confirmed by the Court's comments at the hearing, ECF 51, Plaintiffs are entitled to access the classified materials at issue. Should the Court wish to receive further briefing in response to Defendants' position set forth herein, Plaintiffs stand ready promptly to provide such briefing.

Time is of the essence in this matter, as Plaintiffs have been seeking relief—through attempted dialogue with DoD and DOJ and, more recently, through litigation—for more than two years. Plaintiffs respectfully propose that the Court issue an order (1) finding that Plaintiffs' counsel Samuel P. Nitze has a "need to know" the classified information relied on by DoD in support of its decision to list DJI; (2) entering the protective order attached hereto, reflecting edits proposed by counsel for DJI; and (3) directing DOJ and the CISO designated in the proposed protective order to promptly facilitate Mr. Nitze's access to the relevant classified

information. Plaintiffs oppose Defendants' anticipated request for a 60 day administrative stay to give the Defendants tine to determine whether to appeal any such order, which would cause unwarranted delay and could result in the case being mooted by a relisting decision at the end of the year. In the event the Court enters an administrative stay—it should not—Plaintiffs request that any such stay last no longer than 14 days.

Plaintiffs reserve their rights to seek further judicial relief should they perceive undue delay by DOJ in implementing the procedures set forth in the proposed protective order, including with respect to confirming Plaintiffs' counsel Samuel P. Nitze's clearance status.

Dated: August 6, 2025                                                Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

JEAN LIN
Acting Deputy Director
Federal Programs Branch

/s/ Daniel Riess
DANIEL RIESS (TX Bar No. 24037359)
KRISTINA A. WOLFE (VA Bar No. 71570)
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
Tel: 202-353-3098
Email: Daniel.Riess@usdoj.gov

*Counsel for Defendants*

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

/s/   Samuel G. Williamson
Samuel G. Williamson (D.C. Bar No. 984748)
2601 South Bayshore Drive, Suite 1550
Miami, Florida 33133
samwilliamson@quinnemanuel.com
Tel.:  (305) 402-4880
Fax:  (305) 901-2975

Derek L. Shaffer (D.C. Bar No. 478775)
1300 I Street, Suite 900
Washington, DC 20005
derekshaffer@quinnemanuel.com
Tel.:  (202) 538-8000
Fax:  (202) 538-8100

Samuel P. Nitze (Registration No. 4859443)
Quinn Emanuel Urquhart & Sullivan, LLP
295 5th Avenue, 9th Floor
New York, New York 10016
Tel: (212) 849-7000

*Attorneys for Plaintiffs*
