UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SZ DJI TECHNOLOGY CO., LTD, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF DEFENSE, *et al.*, <br><br> *Defendants*. | Civ. Action No. 1:24-cv-02970-PLF |

**DRAFT PROPOSED PROTECTIVE ORDER**
**PERTAINING TO CLASSIFIED INFORMATION**

Pursuant to the Court's oral directive during the July 29, 2025 merits argument and its minute entry following those proceedings, and over the objection of Defendants,[1] the Court hereby enters the following Protective Order:

**I.    Overview and Applicability**

1.    This Protective Order establishes procedures that must be followed by Plaintiffs and their respective counsel and all other individuals who receive access to classified information or documents in connection with this case. The procedures set forth in this Protective Order shall apply to all aspects of this case, including any appeal, and may be

---

[1] For the reasons set forth in the Notice accompanying this draft proposed protective order, ECF No. 52, Defendants respectfully disagree that the Court may compel the government to disclose classified information in a civil proceeding. By complying with the Court's directive to submit a draft proposed protective order, Defendants are neither agreeing to disclose classified information to Plaintiffs' counsel nor waiving their right to determine whether Plaintiffs' counsel may have access to the classified information at issue in this case. Nor are Defendants waiving their appellate rights.

modified by further order of the Court upon its own motion or upon application by any party. The Court retains continuing jurisdiction to enforce or modify the terms of this Protective Order.

2. Nothing in this Protective Order requires Defendants to disclose any specific piece of classified information. Additionally, nothing in this Protective Order prohibits Defendants from submitting classified information to the Court *ex parte* and *in camera* in this case or entitles Plaintiffs or their counsel to access to such submissions or information. Except for good cause shown in the filing, Defendants shall provide Plaintiffs' counsel with notice of such submission on the date of the filing.

3. Nothing in this Protective Order precludes Defendants' use of classified information as otherwise authorized by law outside of this case.

4. As appropriate and needed, Plaintiffs' counsel are responsible for advising their employees, Plaintiffs, and others of this Protective Order's contents.

5. All access to classified information shall conform to this Protective Order. The limitations on disclosure of classified information set forth in this Protective Order are forever binding on Plaintiffs and their counsel, and violations of the Protective Order may result in criminal and/or civil penalties.

**II.  Definitions**

6. "Defendants" refers collectively to the Department of Defense and any component thereof, as well as Department of Justice attorneys and support staff involved in litigating this matter.

7. As used in this Protective Order, the term "Plaintiffs' counsel Mr. Nitze" refers to Mr. Samuel P. Nitze of Quinn Emanuel Urquhart & Sullivan, LLP, who has been retained by

Plaintiffs for purposes of representing Plaintiffs in this case. Access to classified information by Plaintiffs' counsel Mr. Nitze is governed by Section IV of this Protective Order.[2]

8.  As used in this Protective Order, the words "documents" and "information" include, but are not limited to, all written or printed matter of any kind, formal or informal, including originals, confirming copies and non-conforming copies, whether different from the original by reason of notation made on such copies or otherwise, and further include, but are not limited to:

   a. papers, correspondence, memoranda, notes, letters, reports, summaries, photographs, maps, charts, graphs, interoffice and intra-office communications, notations of any sort concerning conversations, meetings, or other communications, bulletins, teletypes, telegrams, facsimiles, invoices, worksheets, and drafts, alterations, modifications, changes, and amendments of any kind to the foregoing;

   b. graphic or oral records or representations of any kind, including, but not limited to, photographs, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind, and motion pictures;

   c. electronic, mechanical or electric records of any kind, including, but not limited to, tapes, cassettes, disks, recordings, electronic mail, films, typewriter ribbons, work processing or other computer tapes or disks, and all manner of electronic data processing storage; and

   d. information acquired orally.

9.  Unless otherwise stated, the terms "classified national security information and/or documents," "classified information" and "classified documents" mean:

   a. any classified document or information that was classified by any Executive Branch agency in the interests of national security or pursuant to Executive Order, including Executive Order 13526, as amended, or its predecessor or successor orders as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE

---

[2] Plaintiffs represent that Plaintiffs' counsel Mr. Nitze "hold[s] an active Top Secret security clearance" that "require[s] renewal, based on a demonstrated need to know." Decl. of Samuel P. Nitze in Support of Motion to Compel Defendants to Provide Access to "Classified" Information to Plaintiffs' Counsel, ECF No. 29-1 ¶ 2.

      COMPARTMENTED INFORMATION (SCI)," or any classified information contained in such document;

  b. any document or information, regardless of its physical form or characteristics, now or formally in the possession of a private party that was derived from United States government information that was classified, regardless of whether such document or information has subsequently been classified by the government pursuant to Executive Order, including Executive Order 13526, as amended, or its predecessor or successor orders, as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI),";

  c. verbal or non-documentary classified information known to Plaintiffs or Plaintiffs' counsel; or

  d. any document or information as to which Plaintiffs or Plaintiffs' counsel were notified orally or in writing that such document or information contains classified information.

10. All classified documents, and information contained therein, shall remain classified unless the documents bear a clear indication that they were declassified by the Executive Branch agency or department that is the original classification authority of the document or the information contained therein.

11. "Access to classified information" means having access to, reviewing, reading, learning, or otherwise coming to know in any manner any classified information.

12. "SCIF" shall refer to a sensitive compartmented information facility approved by the designated Court Information Security Officer (CISO) for the storage, handling, and control of classified information.

13. "Unauthorized disclosure of classified information" means any knowing, willful, or negligent action that could reasonably be expected to result in a communication or physical transfer of classified information to an unauthorized recipient.

**III.     Procedures for Plaintiffs' Counsel Mr. Nitze's Access to Classified Information.**

14.     Within 7 days of entry of this Order, Plaintiffs' counsel Mr. Nitze will provide Defendants' counsel with sufficient identifying information to substantiate his assertion to possessing a current or former security clearance, including but not limited to the level of that clearance, the agency that approved the clearance, a copy of his non-disclosure agreement(s), and other relevant information required by Defendants to confirm his assertions.  In the event that Plaintiffs' counsel Mr. Nitze does not possess a current clearance, he shall submit to a suitability determination, including but not limited to completing any required submission of information (*e.g.*, filling out a SF-86) within 30 days, and undergoing such background investigation as Defendants determine is needed given the sensitivity of the information at issue.[3]  The Court Information Security Officer shall coordinate with Defendants to process this suitability determination in the ordinary course.

15.     Upon confirmation that (a) Plaintiffs' counsel Mr. Nitze possesses a current clearance, or (b) Mr. Nitze's suitability has been favorability adjudicated following a determination that he does not to possess a current clearance, Mr. Nitze shall coordinate with the Court Information Security Officer to execute a new non-disclosure agreement ("NDA")."  Once the NDA has been executed and returned to Defendants, Plaintiffs' counsel Mr. Nitze will be deemed to have requested that Defendants provide a need-to-know determination [to the extent need to know has not already been established by Court order or otherwise.][4]  Defendants shall

---

[3] In addition—or, at Plaintiffs' election, in the alternative—in the event DOJ determines that Plaintiffs' counsel Mr. Nitze does not possess a current clearance, Plaintiffs may propose substitute, cleared counsel, who will be subject to the same procedures set forth herein.

[4] The bracketed, highlighted text is disputed by the parties.  Plaintiffs propose to include this text. Defendants oppose the inclusion of this text for the reasons set forth in the Notice of Filing.

provide such a written determination within [__]⁵ days after Mr. Nitze's submission of the executed NDA.

## IV. Designation of Court Information Security Officer

16. The Court designates Daniella Medel as Court Information Security Officer for this case and Jennifer H. Campbell as Alternate Court Information Security Officer (collectively, the "CISO") for the purpose of providing security arrangements necessary to protect against unauthorized disclosure of any classified documents or information to be made available in connection with this case. Plaintiffs' counsel shall seek guidance from the CISO with regard to appropriate storage, handling, transmittal, and use of classified documents or information.

## V. Access to Classified Documents and Information

17. Plaintiffs' counsel Mr. Nitze, and only Plaintiffs' counsel Mr. Nitze, shall have access to the classified information involved in this case subject to the following conditions:

  a. Plaintiffs' counsel has received the requisite active security clearance, as determined by the CISO;

  b. The Executive Branch has determined that Plaintiffs' counsel Mr. Nitze possesses a need-to-know the classified information involved in this case;

  c. Plaintiffs' counsel Mr. Nitze has executed a Classified Information Nondisclosure Agreement;

  d. Plaintiffs' counsel Mr. Nitze has signed the Memorandum of Understanding (MOU), attached hereto as Exhibit A, agreeing to comply with the terms of this Protective Order, and has filed the signed MOU with the Court and submitted copies to the CISO and Defendants.

---

⁵ The bracketed, highlighted text is disputed by the parties. Defendants' position is that they cannot provide the required determination any less than 14 days after Mr. Nitze's submission. Plaintiffs' position is that whatever consideration must be given to the issue can be given now, and in any event within 5 days of the issuance of any order.

18. The substitution, departure, or removal of Plaintiffs' counsel Mr. Nitze from this case for any reason shall not release Plaintiffs' counsel from the provisions of this Protective Order, the Classified Information Nondisclosure Agreement, or the MOU.

19. The CISO shall establish procedures to ensure that a SCIF is accessible during business hours to Plaintiffs' counsel Mr. Nitze, and at other times upon reasonable request as approved by the CISO. The SCIF shall contain a working area supplied with secure office equipment reasonably necessary for the preparation of Plaintiffs' case.

20. The CISO shall establish procedures to ensure the SCIF is maintained and operated in the most efficient manner consistent with the protection of classified information. The CISO may place reasonable and necessary restrictions on the schedule of use of the SCIF in order to accommodate appropriate access to other cleared individuals in other proceedings.

21. All classified information Defendants provide to Plaintiffs' counsel Mr. Nitze, and all classified information Plaintiffs' counsel otherwise possess or maintains, shall be stored, maintained, and used only in the SCIF.

22. No documents containing classified information may be removed from the SCIF unless expressly authorized by the CISO or CISO designee supervising the SCIF.

23. Consistent with other provisions of this Protective Order, Plaintiffs' counsel Mr. Nitze shall have access to the classified information made available to him in the SCIF and shall be allowed to take notes and prepare documents with respect to those materials. However, such notes and documents shall remain in the possession of the CISO when not being actively used by Plaintiffs.

24. Plaintiffs' counsel Mr. Nitze shall not copy or reproduce any classified information in any form except with the CISO's express approval or in accordance with the procedures established by the CISO for the operation of the SCIF.

25. All documents prepared by Plaintiffs' counsel Mr. Nitze that contain or may contain classified information—including, without limitation, notes taken or memoranda prepared by Plaintiffs' counsel Mr. Nitze and pleadings or other documents intended for filing with the Court—shall be transcribed, recorded, typed, duplicated, copies, or otherwise prepared only by Plaintiffs' counsel Mr. Nitze. Such activities shall take place in the SCIF on approved word processing equipment and in accordance with the procedures approved by the CISO. All such documents and any associated materials containing classified information—such as notes, memoranda, drafts, copies, typewriter ribbons, magnetic recordings, and exhibits—shall be maintained in the SCIF unless and until the CISO advises that those documents or associated materials are unclassified in their entirety. None of these materials shall be disclosed to Defendants unless authorized by the Court, by Plaintiffs' counsel Mr. Nitze, or as otherwise provided in this Protective Order.

26. Plaintiffs' counsel Mr. Nitze may not discuss classified information except within the SCIF or other location that the CISOs have prepared for discussion of classified information. Plaintiffs' counsel Mr. Nitze shall not discuss classified information over any standard commercial telephone instrument or office intercommunication system and shall not transmit or discuss classified information in electronic mail communications of any kind.

27. The CISO or CISO designee shall not reveal to any person the content of any conversations he or she hears by Plaintiffs' counsel Mr. Nitze, nor reveal the nature of documents being reviewed by them or the work generated by them, except as necessary to report violations

of this Protective Order to the Court or to carry out their duties pursuant to this Protective Order. Additionally, the presence of the CISO or CISO designee shall not be construed to waive, limit, or otherwise render inapplicable the attorney-client privilege or work product protections.

28.     Plaintiffs' counsel Mr. Nitze shall not cause the direct or indirect disclosure of the contents of any classified documents or information to any person, including his co-counsel and Plaintiffs, except to the Court, and to counsel for Defendants with the appropriate clearances and the need to know the information.

29.     Except as otherwise provided herein, Plaintiffs' counsel Mr. Nitze shall not disclose or cause to be disclosed any information known or believed to be classified in connection with any hearing or proceeding in this case.

30.     Except as otherwise stated in this paragraph, and to ensure the security of the United States of America, at no time, including any period subsequent to conclusion of this case, shall Plaintiffs' counsel Mr. Nitze make any public or private statements disclosing any classified information or documents accessed pursuant to this Protective Order, including the fact that any such information or documents are classified.  In the event that classified information enters the public domain, however, Plaintiffs' counsel Mr. Nitze is not precluded from making private or public statements about the information already in the public domain, but only to the extent that the information is in fact in the public domain.  Plaintiffs' counsel Mr. Nitze may not make any public or private statements revealing personal knowledge from non-public sources regarding the classified status of the information or disclosing that he had personal access to classified information confirming, contradicting, or otherwise relating to the information already in the public domain.  In an abundance of caution and to help ensure clarity on this matter, the Court emphasizes that Plaintiffs' counsel Mr. Nitze shall not be the source of any classified information

entering the public domain. Failure to comply with these rules may result in the revocation of Plaintiffs' counsel Mr. Nitze's security clearance as well as criminal and/or civil liability.

31. The foregoing does not prohibit Plaintiffs' counsel Mr. Nitze from citing or repeating information in the public domain that Plaintiffs' counsel Mr. Nitze does not know to be either classified information or a classified document or derived from classified information or a classified document.

32. All classified documents and information to which Plaintiffs' counsel Mr. Nitze has access in this case are now and will remain the property of the United States. All documents containing classified information prepared, possessed, or maintained by, or provided to, Plaintiffs' counsel Mr. Nitze—except filings submitted to the Court and served on Defendants—shall remain at all times in the CISO's control for the duration of this case. Upon final resolution of this case, the CISO shall destroy all such documents.

## VI. Procedures for Filing Documents

33. <u>Filings by Plaintiffs</u>. Any pleading or other document filed by Plaintiffs' counsel on behalf of Plaintiffs containing classified information or information that may be classified shall be filed, along with three copies, under seal with the CISO by 4:00 p.m. Such pleading or document must be marked with the appropriate classification marking (e.g., "SECRET"). The time of physical submission to the CISO shall be considered the date and time of filing. At the time of making a submission to the CISO, Plaintiffs' counsel shall file on the public record in the CM/ECF system a "Notice of Filing," notifying the Court that the submission was made to the CISO and specifying in general terms the nature of the filing without disclosing any classified information. Upon receipt, the CISO will deliver to the Court and Defendants' counsel any pleading or other document Plaintiffs' counsel files on behalf of Plaintiffs.

34. <u>Filings by Defendants</u>.  Any pleading or other document filed by Defendants' counsel containing classified information or information that may be classified shall be filed, along with three copies, under seal with the Court through the CISO by 4:00 p.m.  The time of physical submission to the CISO shall be considered the date and time of filing.  The CISO shall serve a copy of any classified pleading or document on Plaintiffs' counsel at the SCIF.  At the time of making a submission to the CISO, Defendants' counsel shall file on the public record in the CM/ECF system a "Notice of Filing," notifying the Court that a submission was made to the CISO and specifying in general terms the nature of the filing without disclosing any potentially classified information.

35. As stated in paragraph 2 of this Protective Order, nothing herein requires Defendants to disclose classified information.  Additionally, nothing herein prohibits Defendants from submitting classified information to the Court *ex parte* and *in camera* or entitles Plaintiffs or Plaintiffs' counsel access to such submissions or information.  Except for good cause shown in the filing, Defendants shall provide Plaintiffs' counsel with notice served on Plaintiffs' counsel on the date of the filing.

36. <u>Disclosure of Classified Information on the Public Record</u>.  In the event Defendants believe that Plaintiffs' counsel has disclosed classified information on the public docket, Defendants shall notify the CISO, who shall work with the Clerk's Office to remove the filing from the public docket.  A copy of the filing shall then be lodged with the CISO and treated according to paragraphs 332 or 343 of this Protective Order.  Nothing herein limits Defendants' authority to take necessary remedial action to ensure the protection of classified information.

**VII.     Penalties for Unauthorized Disclosure**

       37.    Any unauthorized disclosure of classified information may constitute violations of United States criminal laws.  Additionally, any violation of the terms of this Protective Order shall be immediately brought to the attention of the Court and may result in a charge of contempt of Court and possible referral for criminal prosecution.  Any breach of this Protective Order may also result in the termination of access to classified information.  Persons subject to this Protective Order are advised that direct or indirect unauthorized disclosure, retention, or negligent handling of classified documents or information could cause damage of the national security of the United States or may be used to the advantage of an adversary of the United States or against the interests of the United States.  The purpose of this Protective Order is to ensure that those authorized to receive classified information will not divulge this information to anyone who is not authorized to receive it without prior written authorization from the original classification authority and in conformity with this Protective Order.

      38.    The termination of this case shall not relieve any person or party provided classified information of his, her, or its obligations under this Protective Order.

SO ORDERED this _____ day of _____ 2025.

 

_____
Honorable Paul L. Friedman
United States District Court Judge